(Decided December 5th, 1862.)

ROBERT MOORE and CHARLES MOORE, *vs.* HERTZ BLONDHEIM, CAROLINE BLONDHEIM and WM. PINKNEY WHITE.

A voluntary deed of a debtor may be impeached and set aside by subsequent creditors, in cases where the deed is executed for the purpose of defrauding them; and it cannot be doubted that a deed of a solvent grantor, made and registered in the partial execution of a purpose to defraud subsequent creditors, would, as to such creditors, be declared ·invalid and void upon the consummation of the fraud.

Upon principle, it would seem that a deed fraudulent in fact, could not, by. registration, be made effective against such subsequent creditors, nor bar their right to impeach it.

In contemplation of law, all acts done, and transactions had, in pursuance of a purpose to defraud, are but one act. The order in which they occur is immaterial, and any person within the range of the fraudulent purpose, and affected adversely by it, is entitled to have all or any part of the acts constituting the fraud annulled and set aside.

Where the *prima facie* proof of a deed, as to the consideration for which it was executed, is neither contradicted or assailed by direct evidence in the case, and, in the absence of such evidence, the deed is supported by the positive answers of the defendants, it must be held unaffected by the allegations of fraud in the bill of complaint.

APPEAL from the Circuit Court for Baltimore city.

This is an appeal from a decree of said Court, (KREBS, J.,) passed on the 4th of June 1859, dismissing a bill filed by the appellants against the appellees, to set aside a deed executed by Thomas J. Owen, on the 11th of June 1854, to Caroline Blondheim, one of the appellees. The allega-

tions of the bill and answers, as well as the evidence in the case, are stated in the opinion of this Court.

The cause was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

*J. M. Campbell* and *P. McLaughlin*, for the appellants:

The whole question is, whether the deed to Caroline Blondheim is fraudulent or not. The evidence shows it to be fraudulent in fact. Possession is evidence of property. 2 *Phil. Ev.*, 427. This imposes on Caroline Blondheim the *onus* of showing that the money paid by her husband, Hertz Blondheim, was her money. *Peacock vs. Pembroke, et al.*, 4 *Md. Rep.*, 280. The recording of the deed, in this case, was not notice to the creditors of Blondheim that it was a voluntary conveyance from him, or that he was diminishing the assets to which they had a right to look for the payment of their debts.

Every voluntary settlement is not necessarily fraudulent, though the fact of its being voluntary, is evidence of fraud, *Russell vs. Hammond*, 1 *Atkyns*, 13 and 15. It is not necessary that a party should be actually indebted at the time he enters into a voluntary settlement, to make it fraudulent, for if a man does it with the view of being indebted at a future time, it is equally fraudulent, and ought to be set aside. *Stileman vs. Ashdown*, 2 *Atk.*, 477 and 481. *Fitzer vs. Fitzer, et al.*, 2 *Atk.*, 511 and 512. *Salmon vs. Bennett*, 1 *Conn. R.*, 525. *Sexton vs. Wheaton*, 8 *Wheat.*, 229. *Turton vs. Turton*, 6 *Md. Rep.*, 375. *Beall vs. Chew*, 13 *Md. Rep.*, 348. *Patterson vs. McCubbin*, 16 *Md. Rep.*, 179.

*Wm. Pinkney White*, for the appellees:

To set aside the assignment or deed in question, it must be proved that it was made with the fraudulent intent, on

the part of Hertz Blondheim, to delay, hinder and defraud his creditors, and that the deed, at the time of its execution, was intended to be the instrument of this fraud. *Spencer, et al., vs. Jackson,* 2 *R. I. Rep.,* 45. In this State, upon a case presenting such facts as those disclosed in the record, the law is well settled. *Faringer vs. Ramsay,* 2 *Md. Rep.,* 375. (See the same case in 4 *Md. Ch. Dec.,* 37.) *Glenn vs. Grover,* 3 *Md. Rep.,* 212. *Stockett, Adm'r, &c., vs. Holliday & Wife,* 9 *Md. Rep.,* 498.

Subsequent creditors can only impeach a deed made with fraudulent intention, and this cannot be presumed, but must be proved. Where a voluntary deed has been duly recorded, none but prior creditors can impeach it. See the opinion of Le Grand, C. J., and Tuck, J., in *Banks vs. Williams,* 11 *Md. Rep.,* 250. *Sexton & Wife, vs. Wheaton,* 8 *Wheat.,* 229. The recording of the deed was full notice of the conveyance of the property. *Mayor & C. C. of Baltimore, vs. Williams.* 6 *Md. Rep.,* 235, note at 272.

The following cases were also cited by the counsel for the appellees: *Sewell vs. Baxter,* 2 *Md. Ch. Dec.,* 447, affirmed in 3 *Md. Rep.,* 334. *Crowl vs. Ellinger,* 17 *Md. Rep.,* 361. *Cooke vs. Kell,* 13 *Md. Rep.,* 469.

COCHRAN, J., delivered the opinion of this Court:

The proceedings in this case were instituted by Robert Moore and Charles Moore, on behalf of themselves and others, as creditors of Hertz Blondheim, for the purpose of setting aside a deed made to his wife, Caroline Blondheim, by Thomas J. Owen, on the 11th of August 1854, and to procure a sale of the property conveyed, and a distribution of the proceeds among the creditors of Hertz Blondheim. It appears from the record, that Blondheim was engaged as a dealer in ready-made clothing for some years before the execution of the deed by Owen, and that he continued in that business until the 16th of June 1857, when, finding

or professing himself to be in embarrassed circumstances, he executed a deed of his property to Abraham Rosenberg, in trust for the benefit of his creditors, and that he finally applied for the benefit of the insolvent laws on the 10th of May 1858, Wm. Pinkney White, one of the appellees, having been then appointed his trustee. The claim of the appellants against Blondheim, originated after, although his dealings with them commenced prior to, the execution of the deed from Owen to his wife.

The substance of the allegations contained in the original and amended bills, upon which the determination of the case depends, is, that Blondheim made the purchase of the property from Owen with his own money, and procured the deed of the same to be made to his wife, with the purpose and intent of becoming largely indebted to the appellants and others, and of hindering, delaying and defrauding those who might thus become his creditors, of their just dues and claims. The appellees deny these averments in their answers, and support the deed on the alleged ground that the purchase from Owen was made by Caroline Blondheim, with money belonging to her, and not derived from her husband; and the question, as to the validity of the deed as against the creditors of Blondheim, thus presented, constitutes the only material issue in the case. The opinion of the Court, delivered in the case of *Banks vs. Williams*, 11 *Md. Rep.*, 198, establishes the doctrine, that a voluntary deed of a debtor may be impeached and set aside by subsequent creditors, in cases where the deed is executed for the purpose of defrauding them; and it cannot be doubted that a deed of a solvent grantor, made and registered in the partial execution of a purpose to defraud subsequent creditors, would, as to such creditors, be declared invalid and void, upon the consummation of the fraud. Upon principle, it would seem that a deed, fraudulent in fact, could not, by registration, be made effective

against such subsequent creditors, nor bar their right to impeach it. In contemplation of law, all the acts done, and transactions had, in pursuance of a purpose to defraud, are but one act. The order in which they occur, is immaterial, and any person within the range of the fraudulent purpose, and affected adversely by it, is entitled to have all, or any part of, the acts constituting the fraud, annulled and set aside.

As the allegation of fraud in the execution of the deed in this case, presents a question of fact, we proceed to consider whether it is sufficiently established by the evidence contained in the record, to justify a decree setting aside the deed. Upon a careful consideration of the testimony presented, we think it does not show, with sufficient certainty, the fraud alleged. There is no satisfactory evidence that Blondheim was the real purchaser from Owen, nor is there of the fact that the property was paid for by money claimed by or belonging to him. The *prima facie* proof of the deed, as to the consideration for which it was executed, is neither contradicted nor assailed by any direct evidence in the case; and in the absence of such evidence, the deed, supported by the positive answers of both Caroline Blondheim and her husband, must be held unaffected. *Faringer vs. Ramsay,* 2 *Md. Rep.,* 375. *Glenn vs. Grover & McColm,* 3 *Md. Rep.,* 212.

The evidence of Blondheim's insolvency in 1857, without an explanation of its cause, might well excite suspicions as to the honesty and good faith of his antecedent transactions, but, in our opinion, it does not reach the deed with sufficient force to impeach it. The testimony taken on the part of the appellees, to show that, anterior to the purchase, Caroline Blondheim was in possession of a considerable sum of money, which she loaned and dealt with as her own, and that the note she received for a sum loaned to Pollock, was passed as a part of the consideration for

the property conveyed to her, although not entirely satisfactory, tends to support the deed, and free it from the imputation of fraud. As the case stands, we think the decree dismissing the bill, should not be disturbed.

*Decree affirmed.*

(Decided December 5th, 1862.)