Matthai, Ingram & Co., *et al. vs.* Heather, *et al.*

MATTHAI, INGRAM & COMPANY, and others *vs.* THOMAS E. HEATHER, and others.

*Bill to set aside a Voluntary Conveyance, alleged to be in Fraud of Subsequent Creditors.*

A voluntary conveyance made by a party solvent at the time, may be impeached and set aside by subsequent creditors, provided it be executed with the intention and design to defraud those who should thereafter become his creditors. Where such fraud is charged, the fraudulent purpose will not be presumed, but must be proved. The *onus* rests on the parties assailing the deed to establish the fraudulent intent by satisfactory proof.

APPEAL from the Circuit Court for Caroline County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON, MILLER and STONE, J.

*J. W. Bryant*, and *John H. Handy*, for the appellants.

*George M. Russum*, and *William H. Tuck*, for the appellees.

MILLER, J., delivered the opinion of the Court.

The appellants filed the bill in this case for the purpose of vacating a deed executed by Thomas E. Heather, to his wife. The deed bears date on the 21st of September, 1877, and was duly recorded on the 24th of the same month. By it, as expressed on its face, the grantor, "in consideration of love and affection, and other good and valuable considerations, and also the sum of ten dollars," conveys certain described real and personal property to his wife, Gulia E. Heather. It is admitted that at the date of this conveyance, Heather was a man of considerable property, in prosperous circumstances, clear of debt and of good credit. The substantial charge of the bill is that he executed this deed with the *purpose and intent* of becoming largely indebted to the complainants and others, and of *hindering, delaying and defrauding* those who might thus become his creditors out of their just dues and claims, and that shortly thereafter he did become largely indebted to the complainants and others, for goods sold to him, and for which he has failed and neglected to pay. All the charges of fraud contained in the bill are explicitly denied in the answers, and upon the issue thus made up, the testimony appearing in the record has been taken. After hearing the case the Court below passed an order dismissing the bill, and from that order some of the complainants have appealed.

With respect to the law applicable to such a case there is no difficulty. It is well settled in this State that a voluntary conveyance made by a party solvent at the time, may be impeached and set aside by subsequent creditors, provided it be executed with the *intention and design* to defraud those who should thereafter become his creditors. *Williams vs. Banks,* 11 *Md.,* 198; *Moore vs. Blondheim,* 19 *Md.,* 172. But here, as in other cases where fraud is charged, the fraudulent purpose will not be *presumed,* but must be *proved.* The *onus* rests on the parties assailing

Matthai, Ingram & Co., *et al.* *vs.* Heather, *et al.*

the deed to establish the fraudulent intent by satisfactory proof, and upon a careful consideration of the testimony presented in the record before us, we think it does not show with sufficient certainty the fraud alleged.

We do not deem it necessary to review this testimony, at length and in detail, for no valuable result by way of precedent would be attained by so doing. The intent in executing the deed, as alleged and testified to by the defendants, was that being childless and intending to go to sea as captain of a vessel, the husband wished, if any accident befel him, that his wife should have, beyond any controversy, the property embraced in this conveyance. They also testify that the husband, moved by his wife's entreaties, she being in bad health, afterwards abandoned his purpose of going to sea and determined to embark in business as a merchant. It is true that this resolve was made shortly after the deed was executed, that he immediately purchased goods from the complainants and others in the cities of Philadelphia and Baltimore, and that he failed in business in August, 1878, owing debts amounting to nearly $3000 over and above his assets. But the deed did not embrace all his property; he still retained nearly $4000 worth, consisting of money in hand and obligations due to him by solvent parties. The first debts he contracted with the complainants and his other creditors he promptly paid, and they continued to deal with him, to sell to him, and to trust him long after they had actual notice of this conveyance. In short, we find nothing in the testimony to warrant the inference that he made this deed in part execution of a purpose to defraud his subsequent creditors, and that he afterwards consummated the fraud by contracting debts and then failing in business.

*Decree Affirmed.*

(Decided 19th January, 1882.)