Stevens v. Works et al.

———————◆———————

| 81 | 445 |
| 133 | 284 |

No. 9183.

## STEVENS v. WORKS ET AL.

FRAUDULENT CONVEYANCE.—*Subsequent Creditor.—Costs.—Execution.*—Where one, already embarrassed beyond his ability to pay, in anticipation of a possible indebtedness for costs of a lawsuit which he afterwards commences, and for the purpose of evading payment thereof, conveys real estate to another, upon a secret arrangement that the latter shall pretend to own it, that it may escape execution, but hold it for the use of the grantor, and that his other assets shall be disposed of before the liability for costs shall accrue, it may be made subject to execution to satisfy a subsequent judgment for such costs, if *other property can not then* be found liable to execution.

From the Switzerland Circuit Court.

*W. D. Ward* and *T. Livings*, for appellant.
*J. D. Works* and *J. A. Works*, for appellees.

MORRIS, C.—The appellant commenced this suit against the appellees to set aside a conveyance of certain real estate on the ground of fraud.

The complaint consists of two paragraphs, to which demurrers were sustained. The appellant elected to stand by his complaint and final judgment was rendered for the appellees.

The rulings upon the demurrers are assigned as errors.

It will only be necessary to notice the second paragraph of complaint, for, if that shall be held to be sufficient, the judgment below must be reversed; if held insufficient, the first must also be held to be insufficient, as it is less full and complete than the second, and in that case the judgment must be affirmed.

The second paragraph of the complaint states that on the —— day of July, 1877, the appellee Thomas Works was the owner of certain real estate situate in the county of Switzerland and State of Indiana, which is particularly described; that said Thomas·Works was also the owner of some land in Ohio county, Indiana, which was heavily incumbered by mortgage; that he had other real and personal property of the value of $1,500, in all of the value of $3,000; that he was indebted to divers persons in the sum of $5,000, and was then contemplating insolvency; that he then intended to, and soon thereafter, to wit, on the 3d day of September, 1877, did, bring a suit against the appellant for slander, in the Switzerland Circuit Court; that on the first named day or soon after bringing said action for slander, and while so indebted, it was fraudulently agreed by and between him and the appellee Addison Works, that the former should convey to the latter said land in Switzerland county; that the conveyance should be placed upon record, while, by a verbal agreement and understanding between them, the said Thomas was to remain the owner of said land and retain the possession of it as fully as if said conveyance had not been made; that they both should publicly announce and give out that

said Addison had bought said land, and that he should exercise pretended acts of ownership over the same, to prevent the appellant from taking it in execution to satisfy any judgment that he might recover against said Thomas in said action of slander; that said Thomas Works, pursuant to said fraudulent agreement, then made a voluntary conveyance of said land, situate in Switzerland county, to the said Addison Works without any consideration whatever, for the fraudulent purpose of hindering, delaying and cheating his creditors, and especially the appellant, as to the collection of any sum that might be adjudged against said Thomas Works in favor of the appellant in said action for slander; that said Thomas was at the time of contemplating, contriving and intending to make said conveyance and bring said action, largely in debt to various parties in the sum of five thousand dollars; that he intended, contrived and planned with his pretended grantee, Addison Works, who aided him in said fraud, to make said conveyance for the purpose aforesaid, with the intention, understanding and agreement that the said Thomas should afterwards sell and dispose of the residue of his property to innocent purchasers in such way as that it could not be reached by the appellant and his other creditors, and so that he could use the proceeds in living and paying off his other indebtedness so far as might be necessary, and to sell and dispose of it to others in such way as he could and as might suit his convenience and place it beyond the reach of execution, and so that he might become insolvent by the time the appellant could recover any judgment in said slander suit; that said Thomas and Addison Works are both attorneys at law and familiar with the decisions of this court and knew that it would take some time to reach a decision in said slander suit; that they undertook and agreed to evade the law in making said voluntary conveyance before said Thomas had disposed of his said other property; that the appellee Charlotte Works is the wife of the said Thomas Works, and the appellee Mary is the wife of Addison Works; that all

of said appellees agreed that said Thomas should retain possession of said land so fraudulently conveyed, and that the same should be his property as fully as if said conveyance had not been made.

It is then averred that on the 8th day of November, 1878, the appellant recovered a judgment for costs in said slander suit against the said Thomas Works, for $200; that execution had been issued on said judgment, and returned no property of the said Thomas found whereon to levy the same; that before and soon after the recovery of said judgment, the said Thomas Works, in accordance with his original scheme and purpose, had so disposed of all his property, other than that fraudulently conveyed to the appellee Addison Works, as to place it beyond the reach of execution, and that he was, at the time of the rendition of said judgment, wholly insolvent, having no property left out of which the appellant's judgment, or any part of it, could be made.

The prayer is that the said conveyance from said Thomas to said Addison Works may be declared fraudulent as against the appellant, and that said land may be declared subject to the payment of the appellant's judgment, and for other proper relief.

Do the facts stated show that the conveyance in question was executed with intent to defraud the appellant? The conveyance is alleged to have been made without consideration. It is also alleged that the grantor was at the time indebted in the sum of $5,000, and that his property, real and personal, other than that in controversy, did not exceed $3,000 in value. It is further averred that, at the time the conveyance was made, the grantor was intending to commence a suit against the appellant for slander, and that said conveyance was made with the view of so covering up the property conveyed that it could not be reached on execution to satisfy any judgment which the appellant might obtain in the action to be commenced against him for slander; that it was a part of the scheme deliberately agreed upon and planned by the principal defendants below,

that the grantor, Thomas Works, should, before the final disposition of the slander suit, dispose of all his other property liable to execution, for the purpose of securing a living, paying other debts and preventing it from being taken to satisfy any judgment the appellant might recover in said action for slander; that it was verbally agreed between the grantor and grantee that the former should remain in possession of the land conveyed, and own it as fully as if said deed had not been made.

The demurrer admits these allegations to be true; but it is contended by the appellees that from all these facts it can not be legally inferred or held that the conveyance was fraudulent as against the appellant's claim. It is not alleged that the appellee Thomas Works purposely commenced an unfounded suit against the appellant, with a view to involve him unjustly in costs, nor is it averred directly that he expected at the time that the appellant would obtain a judgment against him for costs, but it is stated that the grantor contemplated the possibility, if not the probability, of such a recovery, and that the conveyance was made, and his other property disposed of, to prevent the collection of such possible judgment. Upon the facts stated, the conveyance in question and the disposition of the residue of the property of Thomas Works must be regarded as one transaction, to which both he and Addison Works were parties. Thus regarding the transaction, it was completed and consummated nearly a year before the appellant's claim accrued. In the case of *Inhabitants of Pelham* v. *Aldrich*, 8 Gray, 515, it was held that the debt for costs adjudged to the defendant in an action accrues at the time the judgment is rendered, and not before. *Ogden* v. *Prentice*, 33 Barb. 160. The appellant, must, therefore, be regarded as a subsequent creditor, and the question is, whether as such he can recover upon the facts stated.

It is averred in the complaint that the conveyance was made to defraud the creditors of Thomas Works generally, and especially the appellant. It is also alleged that his then in-

debtedness was $5,000, and that his property, aside from that alleged to have been fraudulently conveyed, did not exceed $3,000 in value. It is not shown that the creditors, other than the appellant, have been defrauded in fact.

Subsequent creditors are within the 17th section of the act for the prevention of frauds and perjuries, 1 R. S. 1876, p. 506. *Miller* v. *Wilson,* 15 Ohio, 108 ; *Lyman* v. *Cessford,* 15 Iowa, 229 ; *Dart* v. *Stewart,* 17 Ind. 221.

Bump, in his work on Fraudulent Conveyances, 2d ed., p. 308, says : " It is accordingly well settled, that if a party makes a conveyance of his property with the express intent to become indebted to another, and to defraud him of his debt by means of this artifice, such subsequent creditor may contest and by proof defeat the transfer, although he was not a creditor of the grantor at the time of the conveyance."

Ordinarily, to establish fraud in such cases, as to subsequent creditors, it must appear that the grantor held himself out as the owner of the property, or that he occupied the same apparently as such owner, and that the credit was given upon the supposed ownership of it. This rule rests largely upon the fact that in such cases the credit is voluntarily given, and may rest upon the personal integrity of the debtor, without particular reference to his means. But, in the case before us, the credit was not voluntarily incurred, it was coerced and compelled by the act of the appellee himself; the appellant unwillingly, and in spite of himself, was, by the act of the grantor, forced to become his creditor. The averments of the complaint show, that, for the purpose of avoiding this coerced credit, Thomas Works disposed of all his property. The indebtedness of Thomas Works, at the time he made the deed, the continued possession of the property by him, as well as the alleged agreement between him and his grantee that the residue of the grantor's property should be disposed of before the termination of the slander suit, abundantly justify the conclusion that the transaction was fraudulent as against the appellant. *Pell* v. *Tredwell,* 5 Wend. 661 ; *Farmers*

*Bank, etc.,* v. *Long,* 7 Bush, Ky. 337 ; *Ayer* v. *Bartlett,* 6 Pick. 71 ; *Merrill* v. *Rinker,* 1 Bald. 528.

There is upon the facts stated no question as to the insolvency of Thomas Works. It is averred that, before the judgment was obtained, all his property had been disposed of for the fraudulent purpose of preventing its collection. Nor is the question as to whether Thomas Works had, at the time the deed was made to Addison Works, other property sufficient to pay his then existing debts, material, for if, as alleged, it was all disposed of to defeat the claim of the appellant, pursuant to the alleged agreement between Thomas and Addison Works, by which the land in dispute was conveyed to the latter, and held by him in secret trust for the judgment debtor, it should, in common justice and honesty, be held liable for the appellant's judgment.

We think the court erred in sustaining the demurrer to the complaint.

Per Curiam.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the costs of the appellees.