## INDIANAPOLIS & GREENFIELD RAPID TRANSIT COMPANY *v.* DERRY.

### [No. 4,872. Filed October 7, 1904.]

PLEADING.—*Amendment During Trial.*—An interlineation in a complaint, made during the trial, changing the amount of the demand, did not amount to such an amendment as to require the complaint to be refiled, and such complaint may be considered on appeal as changed.   *p. 500.*

NEGLIGENCE.—*Based Upon Act of Servant.*—*Scope of Employment.*—*Complaint.*—A complaint seeking to charge the master with negligence based on the act of the servant need not allege in direct terms that the servant was acting within the scope of his employment.  *pp. 500–502.*

APPEAL AND ERROR.—*Evidence.*—*Precipe.*—*Record.*—An objection to the consideration of the evidence on appeal, for the reason that the clerk's certificate does not state that the transcript embraces the original longhand manuscript of the evidence which is called for by the precipe, is not well taken, where the certificate and precipe conform to the provisions of §7 of the act of 1903 (Acts 1903, p. 338).  *pp. 502, 503.*

NEGLIGENCE.—*Street Railroads.*—*Carriers.*—*Aged and Infirm Passengers.*—*Instructions.*—In an action against a street railroad company for injuries sustained by plaintiff by the alleged negligence of defendant's servants in suddenly starting the car as plaintiff was about to alight, the court instructed the jury that the servants in charge of a street car are required to give more care and attention to aged or infirm persons in boarding cars, riding thereon, or alighting therefrom, than would be required of them in relation to persons in good health and possessed of full vigor of body and mind, and in determining the care and caution of the employes of defendant, and the negligence or absence of negligence of the employes, the jury might consider plaintiff's age and infirmities at the time of the accident.  *Held*, that the instruction was erroneous, since it might have been understood as authorizing the jury in finding the defendant guilty of negligence in failing to restrain plaintiff from voluntarily walking off the car, there being no allegation in the complaint charging defendant with the duty of watching over or restraining plaintiff.  *pp. 503, 504.*

From Rush Circuit Court; *Douglass Morris*, Judge.

Action by Thomas B. Derry against the Indianapolis & Greenfield Rapid Transit Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*E. J. Binford* and *J. P. Walker*, for appellant.

*B. L. Smith, Claude Cambern, D. L. Smith, U. S. Jackson, R. L. Mason, Ephraim Marsh* and *W. W. Cook,* for appellee.

Roby, J.—This action was begun in Hancock county. A trial resulted in a disagreement of the jury. The venue was then changed to Rush county, and a second trial resulted in a second disagreement. In the third trial a verdict for $999 in favor of the plaintiff was returned, and this appeal is taken from a judgment rendered thereon. The complaint is in one paragraph. Its sufficiency was not questioned prior to this appeal.

The first assignment of error is that the complaint does not state facts sufficient to constitute a cause of action.

During the second trial the amount for which judgment was prayed in the complaint was increased by appellee, upon leave of court, from $1,000 to $2,500. The complaint was not refiled. Appellant offered to file a demurrer, but was not permitted to do so, and tendered a new answer, which was refused. Appellee makes the point that the assignment is directed toward a pleading which has been amended out of the record. *Tague* v. *Owens,* 11 Ind. App. 200. No amended complaint is in the record. The original complaint, set out in the transcript, contains a demand for judgment in the sum of $2,500. The interlineation made did not amount to an amendment of the complaint within the meaning of the authority cited.

The averments of the complaint were, in substance, that the defendant was a corporation on and prior to May 4, 1901, owning and operating an electric street car line extending from the city of Greenfield to the city of Indianapolis; that it so conducted its business as to require those using its cars to get off and on the same at the crossing of streets intersecting Main street in said city of Greenfield; that on said day plaintiff was a passenger upon one of said cars going east through Greenfield, and desired to alight

from said car at Wood street, and, as the car approached said crossing, informed the conductor "who was in the employment of said company and in charge of said car, as their servant and employe, that he desired to alight from said car at said point, and in ample time for said conductor to have caused the motorman of said car to stop the same at said point; that as said car neared said crossing at which he desired to alight the conductor rang the bell in said car as a signal for said motorman to stop said car at said point, and thereupon said motorman caused said car to slow up for the purpose, as plaintiff believed, and had a right to believe, of allowing him to get off of said car; and when the car reached said crossing it was running at a very slow rate of speed, so that it was not dangerous at all for plaintiff to attempt to alight from said car, but perfectly safe for him to do so, but said car had not come to a standstill, and thereupon plaintiff started to get off of said car, and would have gotten off easily and safely had it not been for the conduct of defendant's servants in charge of said car aforesaid, as hereinafter set forth; that, to get off of said car plaintiff took hold of the handle on the rear platform of said car, and just then, as he was in the act of stepping from said car to the street or ground, and before he had fully and safely alighted, or had time to do so, said servants of said defendant in charge of said car carelessly, negligently, and suddenly, and with a quick and violent jerk, greatly increased the speed of said car, without any notice or warning to plaintiff, and he was thereby jerked from his feet, and thrown to the ground, and severely injured in his knee, leg, and head, without any fault or negligence on his part contributing thereto; that he was not notified that he could not get off at said crossing; that by reason of said injuries he has suffered great pain of body and anguish of mind," etc.

The point made against this complaint is that the appellant is not charged with negligence; it not being alleged

that the persons in charge of the car were at the time acting as agents of the appellant, within the line of their authority and duty. A number of decisions by this court are cited in support of the proposition; the substance of them being fairly stated by the following extract: "In deciding upon a demurrer the meaning of a pleading must be gathered from what is expressed therein. It can not be held that one is responsible for a wrong simply because it was committed by one who at the time was his servant, or without a sufficient showing that the servant was acting within the scope of his employment." *Pittsburgh, etc., R. Co.* v. *Adams,* 25 Ind. App. 164, 174; *Cincinnati, etc., R. Co.* v. *Voght,* 26 Ind. App. 665; *Wabash R. Co.* v. *Linton,* 26 Ind. App. 596; *Cleveland, etc., R. Co.* v. *Wasson, ante,* 316. It has not been held in any case that there must be a direct averment in terms. It was held in the cases cited that the complaints then under consideration did not disclose the necessary connection. The act of the conductor in ordering the car stopped, and the act of the motorman in stopping and starting it, were within the scope of their duties. *Terre Haute, etc., R. Co.* v. *Jackson,* 81 Ind. 19; *Louisville, etc., R. Co.* v. *Wood,* 113 Ind. 544, 547, 570; *Wabash R. Co.* v. *Savage,* 110 Ind. 156; *Indianapolis St. R. Co.* v. *Schmidt,* 163 Ind. —. The complaint would have repelled a demurrer, and is sufficient as against the attack made. *Efroymson* v. *Smith,* 29 Ind. App. 451.

The second assignment of error is that the court erred in overruling the appellant's motion for a new trial. The grounds for a new trial, as stated in the motion, are that the verdict is contrary to law, and not sustained by sufficient evidence, and that the court erred in giving and refusing instructions, and in overruling objections to parts of the evidence. Appellee contends that none of these points can be considered, for the reason that the clerk's certificate does not state that the transcript embraces the original longhand manuscript of the evidence, which is

called for by the precipe. The certificate and precipe conform to the provisions of section seven of the act of 1903, and the evidence is therefore in the record. Acts 1903, p. 338.

The issue tendered by the complaint, and formed by the answer in general denial, was whether the car in which appellee was riding was slowed up for the purpose of allowing him to alight, and the speed thereof negligently increased with a violent and quick jerk while he was doing so. There was no contention that the car stopped.

The twentieth instruction given was, in terms, as follows: "The employes of a street car company, in charge of cars carrying passengers, are required to give more care and attention to aged or infirm persons in boarding cars, riding thereon, or alighting therefrom, than would be required of them in relation to persons of mature years, in good health, and possessed of full vigor of body and mind; and in determining the care and caution of the employes of the defendant, and the negligence or absence of negligence of the employes in charge of the car on which plaintiff was a passenger, you may consider the age of the plaintiff, his infirmities incident to old age, if any, at the time of the accident, and the knowledge of such employes thereof, and their means of knowing such facts." Appellee was at the time of the accident seventy-four years old. Appellant owed its passengers the duty, irrespective of their age, of stopping its car at proper places, upon timely notice, to permit them safely to alight therefrom. It owed them the further duty, irrespective of age, not to jerk the car violently while they were so alighting upon its invitation. The particular act of negligence upon which liability is sought to be established in the case at bar is that the car was negligently jerked and started forward. No averment is made that any particular duty to assist appellee in alighting existed or was violated. No duty to watch over, restrain, or protect him was owing, other than to passen-

gers generally, so far, at least, as the averments of the complaint are concerned.

Appellant contended upon trial that appellee voluntarily walked off of a car, the speed of which had not been slackened at his request or otherwise. The instruction set out might well have been understood by the jury as authorizing it to find appellant guilty of negligence in failing to restrain him from so doing. It was therefore outside the issues and erroneous. *Indiana R. Co.* v. *Maurer,* 160 Ind. 25.

It need only be said of the evidence that it is not so clear and convincing as to show that a correct result was reached.

The judgment is therefore reversed, and cause remanded, with instruction to sustain appellant's motion for a new trial, and for further proceedings not inconsistent herewith.