## SCHMELING ET AL. v. ESCH.

[No. 12,040.  Filed May 14, 1925.  Rehearing denied November 3, 1925.  Transfer denied February 26, 1926.]

1. PLEADING.—*Amendment of complaint or cross-complaint at close of trial by increasing amount of relief demanded would not require refiling of pleading or demurrer thereto.*—An amendment of a complaint or cross-complaint at the close of the trial by increasing the amount of relief demanded would not require the refiling of the pleading, and it would not be necessary to refile a demurrer to the original pleading in order to have its sufficiency considered on appeal.  p. 249.

2. FRAUDULENT CONVEYANCE.—*Necessary averments and proof in action to set aside.*—A creditor attacking a conveyance of his debtor as fraudulent must aver and prove that the grantor was insolvent at the time the conveyance was made and that he did not have sufficient other property out of which the creditor's debt could be made.  p. 249.

3. DIVORCE.—*Wife is creditor of her husband and, in a divorce action, may have husband's conveyance set aside as fraudulent.*—A wife is a creditor of her husband and, in a divorce action, may have a conveyance of his set aside as fraudulent which was made with the design of secreting his property and placing it beyond her reach, though, at the time of the conveyance, he was not insolvent.  p. 249.

4. DIVORCE.—*Wife may, in divorce action, have conveyances of husband's realty set aside that were made with intention of secreting his property, in order that court may determine proper amount of alimony to be awarded.*—A wife who is seeking alimony in a divorce action is entitled to have all the husband's property uncovered before the court in order to determine the proper amount of alimony to be awarded, and, to this end, may have conveyances of his realty set aside that were made with the intention of secreting his property.  p. 251.

5. JUDGMENT.—A motion to modify a judgment is properly overruled where the judgment is in proper form and follows the finding.  p. 251.

6. DEEDS.—*Grantor's sending of grantee to get deed, then in another office, would not constitute delivery thereof to the grantee.*—Where a wife signed a deed to her husband's property on his promise not to deliver it, his sending of the grantee, his broth-

er, to get such deed from another office would not constitute a delivery thereof to the grantee.  p. 252.

7.  DIVORCE.—*Wife seeking divorce and alimony is entitled to have husband's deed set aside where she signed it on his promise not to deliver it to grantee.*—A wife who is seeking a divorce and alimony is entitled to have a deed of her husband's property set aside which she had signed on his promise not to deliver it to the grantee, especially in view of the inadequacy of consideration received by him and there being a question whether there was any consideration.  p. 252.

From Delaware Circuit Court; *Robert F. Murray,* Judge.

Action by Gustave H. Esch against Ruth Richey Esch for divorce, in which she filed a cross-complaint for divorce and alimony making Amelia Schmeling and others defendants for the purpose of having set aside certain alleged fraudulent conveyances by the plaintiff. From a judgment for the defendant Esch on her cross-complaint, the defendants thereto, except Gustave H. Esch, appeal.  *Affirmed.*  By the court in banc.

*W. H. Eichhorn, Frank W. Gordon* and *John H. Edris,* for appellants.

*Rollin Lennington* and *White & Haymond,* for appellee.

NICHOLS, J.—Action by Gustave H. Esch against appellee for divorce.  Appellee filed her amended cross-complaint against him for divorce and for alimony and made appellant and two others defendants thereto for the purpose of setting aside conveyances alleged to have been made to them fraudulently by said Gustave H. Esch.  He is mentioned as appellant, but it does not appear that he filed any motion for a new trial or filed any appeal bond, or took any steps to perfect his appeal.  Nothing is presented as to him and we give no consideration, therefore, as to any issues joined with him.

Appellee answered the amended complaint and a supplemental complaint in general denial and by plea of condonation.  Issues upon an original cross-complaint of the appellee were formed by a demurrer thereto, which was overruled, and thereupon an answer of general denial was filed by each of the defendants to the cross-complaint.  After the evidence had all been heard, appellee filed her amended cross-complaint.  No demurrers or answers were filed to the amended cross-complaint.

The court found against plaintiff on his complaint and for appellee upon her cross-complaint, decreeing her a divorce from the plaintiff and awarding her alimony in the sum of $3,950 and that a conveyance of certain real estate executed by plaintiff to one William H. Esch, and by the latter to appellant, be set aside as fraudulent and void.  Judgment was rendered accordingly, from which, after appellant's motion for a new trial was overruled, this appeal.

Appellee contends that appellant having failed to demur to the amended cross-complaint has waived all questions with reference thereto, while appellant

1-3. contends that the original cross-complaint was only amended as to the relief sought, and that such an amendment does not necessitate a refiling thereof, citing to sustain her contention, *Indianapolis, etc., Transit Co.* v. *Derry* (1904), 33 Ind. App. 499, 71 N. E. 92.  There is merit in appellant's contention.  The cross-complaint not being amended until the close of the trial, and then not as to any substantial fact averred, but only as to the relief demanded, we can see no reason why appellant may not have the averments of the cross-complaint tested by her demurrer without refiling it. *Indianapolis, etc., Transit Co.* v. *Derry, supra; Indianapolis Traction, etc., Co.* v. *Formes* (1907), 40 Ind. App. 202, 80 N. E. 872; *Crassen* v. *Swoveland* (1864),

22 Ind. 427. But after a careful consideration of the cross-complaint, we hold that it states a cause of action. Appellant's challenge is that the cross-complaint affirmatively shows that Esch had ample property out of which any judgment for alimony might be collected. There would be merit in this contention if it appeared that such property would be available for that purpose. We are not unmindful of the rule upon which appellant relies that when a creditor attacks a conveyance of a grantor as fraudulent, it must be averred and proved that the grantor was insolvent at the time the conveyance was made, and that he did not have sufficient other property out of which the creditor's debt could be made. *Nevers* v. *Hack* (1894), 138 Ind. 260, 37 N. E. 791, 46 Am. St. 380; *Andrews* v. *Peters* (1924), 82 Ind. App. 200, 145 N. E. 579. But, as it seems to us, the rule has no application under circumstances such as averred in the cross-complaint. It is true that it appears therein that Esch had a large amount of property, both real and personal, but it also appears that he had in contemplation that he would desert and abandon appellee as soon as he could get his property beyond her reach. To this end, he was purchasing property and taking the title in the name of others, he was secreting his property and attempting to dispose of the same with the wicked intent of cheating, and hindering, and preventing her from collecting any judgment which she might obtain against him. Appellee was not her husband's creditor at the time that he was attempting to secrete his property, except as to his obligation to give her support as his wife, but she thereafter was forced to become his creditor by his misconduct. He was disposing of his property including the real estate here involved in expectation that his wife might become his creditor, and with the design that it might be beyond

her reach.  Under such circumstances, appellee may contest the conveyance though she was not at the time his creditor, and though he was not at the time of such fraudulent conveyance insolvent.  *Livermore* v. *Boutelle* (1858), 11 Gray (Mass.) 217, 71 Am. Dec. 708; *Bailey* v. *Bailey* (1873), 61 Me. 361; *Stevens* v. *Works* (1882), 81 Ind. 445; *Hood* v. *Jones* (1875), 5 Del. Ch. 77; *Kennard* v. *Curran* (1909), 239 Ill. 122, 87 N. E. 913; *Lyne* v. *State Bank* (1831), 5 Marsh (Ky.) 545; *Matthai, Ingram & Co.* v. *Heather* (1881), 57 Md. 483; *Fisher* v. *Lewis* (1879), 69 Mo. 629; *Beeckman* v. *Montgomery* (1861), 14 N. J. Eq. 106, 80 Am. Dec. 229; *Bouslough.* v. *Bouslough* (1871), 68 Pa. 495; *Nicholas* v. *Ward* (1858), 1 Head (Tenn.) 323, 72 Am. Dec. 177.  The Livermore and Bailey cases cited above are similar to the instant case in that they involve fraudulent conveyance of real estate to defeat the collection of alimony.

There is another reason why appellee was entitled to have the conveyance set aside.  In determining the amount of alimony to which she was entitled in the event of divorce, it was the right and duty of the court to take into consideration the value of Esch's estate.  *Bush* v. *Bush* (1871), 37 Ind. 164; *Mussleman* v. *Mussleman* (1873), 44 Ind. 106; *Metzler* v. *Metzler* (1884), 99 Ind. 384; *DeRuiter* v. *DeRuiter* (1901), 28 Ind. App. 9, 62 N. E. 100, 91 Am. St. 107.  To this end, appellee was entitled to have all of the property of her husband uncovered before the court.  There was no error in overruling the demurrer to the cross-complaint.

The judgment of the court is in proper form and follows the finding, and, therefore, the motion to modify it was properly overruled.  *Brown* v. *Conlin* (1920), 73 Ind. App. 630, 128 N. E. 360.  There was evidence from which the court could and

did find that appellee was induced to sign the deed re-
lied upon by appellant as conveying the real es-
6.    tate involved from appellee and her husband to
the husband's brother, from whom appellant, his
mother, acquired title, upon the express promise by her
husband that the deed should not be delivered, and on
condition that it should later be destroyed; that later,
appellee then being in possession of the property, the
husband turned over the deed to his brother without
her consent and contrary to his promise, that the only
way that the husband's brother had any possession of
the deed was by being sent after it to another office
from which he brought it to the husband who put it in
his safe. There was no denial of the last testimony.
This did not constitute a delivery. *Berry* v. *Anderson*
(1864), 22 Ind. 36, 40; *Robbins* v. *Magee* (1881), 76
Ind. 381, 388; *Stringer* v. *Adams* (1884), 98 Ind.
539, 542.

There is some question as to whether appellant paid
any consideration for the real estate involved. The
plaintiff testified that his brother paid him noth-
7.    ing at the time of the deed to him, and that after
his brother conveyed the property to his mother,
about a year afterward, she sent him $2,000, and that
all that was paid him was $3,000. He did not say
that the $2,000 was any part of the consideration for
the real estate. There was evidence that the property
was worth from $8,000 to $12,000, with a mortgage
thereon for $3,500. The consideration in the deed to
the brother was $10,000 and the plaintiff testified that
it was a $10,000 property. These facts, together with
the fact that both the brother and appellant, the mother,
were witnesses at the trial and neither of them testified
as to any consideration paid by them for the property,
must have impressed the court that the transactions

were for the purpose of secreting the property rather than for legitimate conveyance thereof.

It appears by the husband's affidavit, filed in answer to an application for suit money, that, at the time this suit was commenced, aside from this real estate, he did not have sufficient property to pay his debts. This is certainly some evidence that he had accomplished the purpose of disposing of his property as charged in the cross-complaint.

There was no error in overruling appellant's motion for a new trial.

Judgment affirmed.