242 Ind. 74 (1961)
175 N.E.2d 23
STATE EX REL. AMERICAN FLETCHER NATIONAL BANK & TRUST COMPANY
v.
SPENCER CIRCUIT COURT ET AL.
No. 29,998.
Supreme Court of Indiana.
Filed May 22, 1961.
Rehearing denied June 29, 1961.
Motion to reconsider denial of petition for rehearing denied September 19, 1961.
*75 Sherwood Blue, of Indianapolis, for relator.
Theodore Lockyear, Jr., Thomas Lockyear, Lockyear & Lockyear, of Evansville, and Paul Mason, of Rockport, for respondents.
LANDIS, C.J.
This is an original action for writ of prohibition praying that respondent be restrained from exercising any jurisdiction over relator in a certain divorce action pending before respondent entitled, Hatt v. Hatt et al., being civil Cause No. 5644 in said court.
From relator's petition and respondent's response it appears that the divorce suit in question was filed by plaintiff-wife on April 11, 1958, in the Superior Court of Vanderburgh County against defendant husband and the defendants Albert Johann *76 and Sons Co., Inc., and the Indiana Trust and Savings Bank. After successive changes of venue the action reached the Spencer Circuit Court, respondent herein.
Thereafter plaintiff-wife filed in January 6, 1959, in respondent court an amended complaint making relator American Fletcher Bank and Trust Company a new party defendant and attempting to set aside as fraudulent an alleged trust agreement made by the defendant husband with said bank since the original complaint was filed. Summons was issued and served on relator bank in Marion County, Indiana. Relator filed plea in abatement and motion to quash the service of summons and sheriff's return, alleging relator to be a non-resident of Spencer County, Indiana, and that the venue of a suit against relator bank was not in Spencer County, Indiana, but in Marion County, Indiana, where it had an office and was engaged in the general banking business. After a hearing, relator's motion to quash and plea in abatement were overruled on April 12, 1960, and relator was ruled to answer the complaint on or before September 6, 1960. Relator then filed petition for writ of prohibition in this Court. A temporary writ was issued.
Relator contends that respondent court has no jurisdiction to entertain any proceeding against said bank as it is not a resident of Spencer County, Indiana, or Vanderburgh County, Indiana, and that no one is authorized to accept service of process for relator in Spencer County, Indiana, and that none of the co-defendants reside in Spencer County, Indiana.
Relator concedes that said bank would have been subject to respondent court's jurisdiction if relator had been joined as a co-defendant with the defendant husband in Vanderburgh County at the time the *77 action was pending there against the defendant husband who resided in such county. Burns' § 2-707 (1946 Repl.),[1] provides as follows:
"Personal action against resident  Residents and non-residents in same action  .... In all other cases, the action shall be commenced in the county where the defendants, or one [1] of them, has his usual place of residence. Where there are several defendants, residing in different counties, the action may be brought in any county where either defendant resides, and a separate summons may be issued to any other county where the other defendants may be found; and in cases of nonresidents, or persons having no permanent residence in the state, action may be comnenced and process served in any county where they may be found...." (Emphasis supplied.)
As to the jurisdiction of the court to which a change of venue is taken, this Court stated in State ex rel. Karsch v. Eby, Judge (1941), 218 Ind. 431, 439, 33 N.E.2d 336, 339:
"... It has been uniformly held that the court to which the venue of a cause is changed acquires jurisdiction of the cause and of the subject-matter coextensive with that of the court from which it was removed, and may inquire into any matter connected with the subject-matter of the action, and may make any order, and render any judgment which might have been rendered by the court in which the action originated. State ex rel. Price v. Weir, Judge (1936), 210 Ind. 606, 4 N.E.2d 553; State ex rel. Toon v. Thompson et al. (1933), 204 Ind. 560, 185 N.E. 117; Hawkins et al. v. State (1890), 125 Ind. 570, 25 N.E. 818; Trook v. Trook et al. (1916), 63 Ind. App. 272, 110 N.E. 1004, 113 N.E. 730; Niagara Oil Co. v. Jackson et al. (1911), 48 Ind. App. 238, 91 N.E. 825."
*78 It cannot be disputed but that the decisions of this state recognize the right of a plantiff-wife in a suit for divorce to join therewith an action to set aside a conveyance or transfer of property allegedly fraudulently made by the husband in an effort to deprive plaintiff of the opportunity to enforce any order or decree for support or alimony she might obtain in the action for divorce. Metzler v. Metzer (1885), 99 Ind. 384, 388; Schmeling v. Esch (1926), 84 Ind. App. 247, 249, 251, 147 N.E. 734, 735; De Ruiter v. De Ruiter (1901), 28 Ind. App. 9, 62 N.E. 100.
The joinder of both causes in one action is not only permissible under our code but is generally a more effective remedy and also avoids the difficulty of circuity of action. Furthermore, evidence relative to such alleged fraudulent transfer may be of value to the trier of the facts in the divorce action in determining what, if any, alimony plaintiff is entitled to recover, which ordinarily encompasses the value of the husband's estate including such property of the husband as may be uncovered before the court. Schmeling v. Esch, supra.
If plaintiff in the cause below could have added relator bank as an additional party defendant before the changes of venue were taken (as the law allows and relator has conceded could be done), it is difficult for us to understand on what basis plaintiff can properly be deprived of the right to make relator an additional party defendant after the change of venue was taken to respondent court.
The cause transferred to respondent court on change of venue gave respondent jurisdiction coextensive with that of the court from which the venue was *79 originally taken, and orderly procedure requires that respondent court have full powers to proceed with the cause to the same extent as existed in the originating court.
As this, in our view, necessarily extends to permitting plaintiff below to file an amended or supplemental complaint so as to make relator an additional party defendant with reference to the defendant husband's alleged fraud in disposing of his property after the divorce suit was filed, we must conclude respondent court below was acting within its jurisdiction and authority in requiring relator bank to answer plaintiff's complaint in the cause pending before it.
The temporary writ heretofore issued is dissolved and the permanent writ denied.
Jackson, Achor, Arterburn and Bobbitt, JJ., concur.
NOTE.  Reported in 175 N.E.2d 23.
NOTES
[1] Acts 1881 (Spec. Sess.), ch. 38, § 35, p. 240.