Katherine GOWER, Karen Gower, by Michael C. Keating, Guardian Ad Litem, Appellants (Intervenors Below),

Lois Ann Gower, Appellee as to Above Parties Appellant as to Below Party (Respondent Below),

v.

Andrew Boyd GOWER, Appellee (Petitioner Below).

No. 1–481A123.

Court of Appeals of Indiana, First District.

Nov. 3, 1981.

Rehearing Denied Dec. 3, 1981.

---

Tyler, Carithers & Brinson, Evansville, for appellants.

John D. Clouse, Michael C. Keating, Laurie A. Baiden, Evansville, for intervenors-appellants.

Edward B. Anderson, Gerling Law Offices, Evansville, for appellee.

ROBERTSON, Judge.

This appeal arises out of a final decree entered by the Vanderburgh Superior Court dissolving the marriage of Lois Ann Gower and Andrew Boyd Gower. Kathy and Karen Gower join their mother, Lois, in appealing the decision of the trial court in regard to the property distribution and support order.

We affirm.

Lois Ann Gower and Andrew Boyd Gower were married on May 7, 1971, and there-

after, resided at 1912 Waggoner Avenue in Evansville, Indiana. Mrs. Gower had two daughters from a prior marriage, Karen and Kathy, who were adopted by Mr. Gower, and in 1972, a third daughter, Karlyn, was born.

At the time of their marriage in 1971, Mrs. Gower owned the Waggoner Avenue property. Mrs. Gower also owned an automobile and furniture, valued at approximately $8,000.00 or $9,000.00 and a savings account of $6,000.00. Mrs. Gower was employed by State Farm Insurance Co. until the birth of their daughter, Karlyn, and earned approximately $45.00 per week.

The main asset brought into the marriage by Mr. Gower was a 1967 automobile, valued at $1500.00, on which he owed $500.00. He had no checking or savings accounts and no other property of any significant value. He was employed at the time of the marriage at Helfrich Vending in Evansville, Indiana, and earned approximately $125.00 per week. In 1972, Mr. Gower became a self-employed painter.

The natural father of Karen and Kathy is deceased. Since the date of his death, each of these two daughters have received social security benefits and veterans pension payments on a monthly basis. In May, 1971 their monthly social security benefits were $145.00 each and the veterans pension payments were $25.00 each. As a result of periodic increases, each presently receives $277.00 per month in social security benefits and $43.00 per month from the Veterans Administration.

The evidence differs as to how much money from Mrs. Gower's separate account was spent to pay Mr. Gower's indebtedness before and during the marriage as well as other household expenses. All income, including the girls' benefits, were placed into one account from the date of the parties' marriage until 1977, at which time Mr. and Mrs. Gower opened and maintained separate accounts. Mrs. Gower opened one account in her name and the names of Karen and Kathy. Mr. Gower testified that he paid the mortgage, gas and electric bills, his truck payments, and purchased groceries with the funds in his account while his wife paid the telephone, water and sewage bills, her car payment, and clothing and school expenses for the older children.

■ Mrs. Gower and her children present four issues for our review. Three of the four concern specifications of error in regard to the property distribution and support order and whether the trial court abused its discretion in rendering said order. The other question concerns the children's right to be awarded part of the property distribution in a dissolution action. Our standard of review of such decisions is whether the result reached is clearly against the logic and effect of the facts and circumstances before the court, including any reasonable inferences that may be drawn therefrom. *Swinney v. Swinney*, (1981) Ind.App., 419 N.E.2d 996. Even though certain evidence might support a conclusion different from the one reached by the trial court, we will not substitute our judgment for that of the trial court. *Morson v. Cooper*, (1981) Ind.App., 415 N.E.2d 729.

Our legislature has provided the courts with the necessary power to order parents to pay reasonable and necessary support for children. In making such determination, the court considers various factors including:

(1) The financial resources of the custodial parent;

(2) Standard of living the child would have enjoyed had the marriage not been dissolved;

(3) Physical or mental condition of the child and his educational needs; and

(4) Financial resources and needs of the noncustodial parent.

(b) Such child support order may also include, where appropriate;

(1) Sums for the child's education in schools and at institutions of higher learning, taking into account the child's aptitude and ability and the ability of the parent or parents to meet these expenses; and

(2) Special medical, hospital or dental expenses necessary to serve the best interests of the child.

> (c) As part of such child support order the court may set apart such portion of the property of either parent or both parents, as may seem necessary and proper for the support of the child.
>
> (d) The duty to support a child under this chapter ceases when the child reaches his twenty-first birthday unless:

(1) The child is emancipated prior to his twenty-first birthday in which case the child support, except for educational needs, terminates at the time of emancipation; however, an order for educational needs may continue in effect until further order of the court; or

(2) The child is incapacitated in which case the child support continues during the incapacity or until further order of the court.

Ind.Code § 31–1–11.5–12 (Burns Code Ed., Repl.1980)

Mrs. Gower maintains that the court erred in determining that her husband should not contribute to the support and/or college expenses of the two older children. The evidence shows that there was clearly no abuse of discretion in this regard. Karen and Kathy are both receiving $320.00 per month in benefits.

Mrs. Gower is presently employed for Warrick Cable T.V. in Newburg, Indiana, earning $3.50 an hour. She also has income from an inheritance she received from her parents. Mrs. Gower is now remarried and her present husband has a steady job. Mr. Gower's assets are substantially less than Mrs. Gower's. He has continued to be a self-employed painter, however, his income has dropped off significantly since his separation from Mrs. Gower.

■ Our courts have held that a college education is not necessarily required to be given a child as a matter of legal duty. Such decision is entirely within the discretion of the trial court. *Haag v. Haag*, (1959) 240 Ind. 291, 163 N.E.2d 243; *Dorman v. Dorman*, (1968) 251 Ind. 272, 241

N.E.2d 50. Considering the circumstances of this case, we find no abuse of discretion in regard to the court's decision not to award child support for the two older children.

■ Mrs. Gower also maintains that the court abused its discretion by granting Mr. Gower an excessive award of the marital property. A great degree of latitude is afforded the trial court in settling matters concerning property distributions in divorce cases. Mrs. Gower admits that she received three times the amount of property Mr. Gower received. Mrs. Gower also received all the parties' personal property, including household furnishings and furniture with the exception of the microwave oven. Mr. Gower was ordered to pay the indebtedness owing to Sears, Mastercharge, and any state or federal taxes due. In addition, he was ordered to pay the reasonable hospital, medical, and dental expenses of their child, Karlyn. Again, under the circumstances of this case, we find such an award to be fair and equitable and no abuse of the trial court's decision.

■ Mrs. Gower's third allegation of error is that the trial court violated I.C. § 31–1–11.5–13, by awarding a lien on the real estate for child support arrearages. I.C. 31–1–11.5–13(f) reads as follows:

> A court may not create a lien on real estate for failure to pay support unless:
>
> > (1) A judgment has been rendered determining the amount of delinquent support; or
> >
> > (2) A judicial finding or order determining the amount of delinquent support has been made and a certified copy of this finding or order has been placed in the lis pendens docket of the court before which the question of delinquent support is pending.

On May 22, 1980, the court ordered the parties' marriage dissolved, reserving however, the questions of disposition of property and permanent custody and support. On that date, an interim order was made requiring Mr. Gower to pay $75.00 per week child support. *Pendente lite* support orders

are the most effective means of maintaining the status quo, but such orders do not dispose of the cause. *Haag v. Haag, supra.* In this case, final determination was made in the decree issued January 9, 1981. That decree set forth certain findings of fact, including a finding that Mr. Gower was two thousand three hundred dollars ($2,300.00) in arrears of child support payments as of December 5, 1980. The order awarding a lien on certain real estate for child support arrearage was not made until the January 9th decree was issued. At that time, there was a finding of fact determining the exact amount of arrearage. According to I.C. 35–1–11.5–13(f)(2) a lien may be created if a judicial finding has been made determining the exact amount of delinquent support. Thus, the court was not in violation of I.C. 31–1–11.5–13(f). Additionally, considering the financial situation of Mr. Gower, the granting of a lien was probably the most effective means the trial court had of ensuring Mrs. Gower of payment for the child support.

■ The fourth issue brought forth by Mrs. Gower concerns the trial court's right in a dissolution action to award a portion of the marital property to the parties' children. There is evidence that money received by the children by way of social security and veteran's benefits were commingled with the marital estate and used in part for the acquisition of marital property. The trial court recognized the right of third parties to intervene in a divorce action and granted said petition of Kathy and Karen Gower on May 22, 1981. *See State ex rel. American Fletcher National Bank and Trust Co. v. Spencer Circuit Court,* (1961) 242 Ind. 74, 175 N.E.2d 23; *Kleffman v. Bartholomew Circuit Court,* (1964) 245 Ind. 539, 200 N.E.2d 878. In addition, the court in its findings of fact # 19 found that in fairness and equity the parties' children were entitled to an award of some part of the marital estate. However, the court declined to grant such award due to the lack of legal authority in this state for such action. Thus, the main issue for review here is whether the trial court abused its discretion in failing to grant an award to the children after determining that in fairness and equity they were entitled to such an award.

Our legislature has specifically set forth in the Indiana Code the guidelines to be followed by our courts in dissolution cases. *See* I.C. § 31–1–11.5–1. Presently, the statutes make no provision for disposition of a portion of the marital property to the children. I.C. 35–1–11.5–11 provides direction in regard to the disposition of the marital property and reads in part as follows:

* * * (b) In an action pursuant to section 3(a)[31–1–11.5–3(a)] of this chapter, the court shall divide the property of the parties, whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or acquired by their joint efforts, in a just and reasonable manner, either by division of the property in kind, or by setting the same or parts thereof over to one [1] of the spouses and requiring either to pay such sum, either in gross or in installments, as may be just and proper, or by ordering the sale of the same under such conditions as the court may prescribe and dividing the proceeds of such sale.

In determining what is just and reasonable the court shall consider the following factors:

(1) The contribution of each spouse to the acquisition of the property, including the contribution of a spouse as homemaker;

(2) The extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift;

(3) The economic circumstances of the spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell therein for such periods as the court may deem just to the spouse having custody of any children;

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property; and

(5) The earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties.

(c) When the court finds there is little or no marital property, it may award either spouse a money judgment not limited to the existing property. However, this award may be only for the financial contribution of one [1] spouse toward tuition, books, and laboratory fees for the higher education of the other spouse.

We are unpersuaded to add a provision to this statute which the legislature clearly chose not to include. To do so would undermine the authority and intent of our legislative body. There is no authority by statute or case law to award the parties' children a portion of the marital estate.

In addition, there is no evidence that the children were improperly taken care of or deprived of reasonable maintenance at the expense of the family's standard of living. Nor is there evidence that Mr. Gower tried to defraud the children of their benefits during the course of his marriage to Mrs. Gower.

The trial court awarded custody of both Karen and Kathy to Mrs. Gower. In the divorce decree, Mrs. Gower received three times as much property as Mr. Gower. Additionally, Mr. Gower was ordered to pay the indebtedness owing to Sears and Mastercharge as well as all state and federal taxes due. It appears from this unequal distribution of property that the trial court sought to remedy any inequity that occurred during the marriage by way of contributions from Mrs. Gower as well as any additional assistance that may have come from the benefits of Karen and Kathy.

We thus find no abuse of discretion by the trial court in failing to award a portion of the marital estate to Karen and Kathy Gower. Having considered each of the errors attempted to be urged by Mrs. Gower and her two daughters, we find no substantial error. Accordingly, the judgment of the trial court is affirmed.

NEAL, P. J., concurs.

RATLIFF, J., concurs in result.