84 333
138 481

No. 8627.
•
## ETTER *v.* ANDERSON.

FRAUDULENT CONVEYANCE.— *Who May Attack.*—Creditors only can attack a conveyance made to defraud creditors; as to all other persons the conveyance is valid.

SAME.—*Reformation of Deed.—Description.—Mistake.—Answer.—Reply.—Departure.*—Complaint to reform a deed as to the description of lands, and to quiet the title thereto, alleging a conveyance for value by S., who was then seized, to the plaintiff, the mistake, and a subsequent voluntary conveyance by S. to E., who had notice. Answer by E. that S. had conveyed the lands to E. for value on a day named *before* making the deed to the plaintiff. Reply, admitting the conveyance to E. on the day named in the answer, and averring that such conveyance was voluntary, to defraud the creditors of one J. H., who for that purpose had conveyed the lands to S., and S. then conveyed the lands to E.; that afterwards the indebtedness of J. H. having been satisfied by compromise, the deeds from J. H. to S. and from S. to E., not having been recorded, were, by mutual agreement of the parties thereto, surrendered and destroyed.

*Held,* that the reply was a departure and bad on demurrer, a party not being permitted to plead facts in derogation of his own title, for the purpose of destroying the claim of his adversary, while seeking to recover upon the strength of his own title.

SUPREME COURT.—*Motion to Dismiss After Submission.—Practice.*—When one of several parties appeals, a motion to dismiss the appeal for want of notice to the co-parties of the appellant comes too late after submission of the cause on the appellee's motion.

SAME.—*Motion to Correct Record.—Affidavits.*—Where it is desired to correct an entry of record in the Supreme Court, showing submission of the cause at the instance of the party applying for the correction, the motion must be made in apt time and must be supported by affidavits. which exclude every conclusion in favor of the correctness of the entry..

From the Montgomery Circuit Court.

*T. E. Ballard, M. E. Clodfelter, W. P. Britton* and *M. W. Bruner,* for appellant.

*P. S. Kennedy, W. T. Brush, G. D. Hurley* and *B. Crane,* for appellee.

NIBLACK, J.—Suit by Caleb H. R. Anderson to reform a deed of conveyance, and to annul and set aside subsequent deeds to the land intended to be conveyed.

The complaint averred that the plaintiff, on the 17th day of April, 1878, purchased of Louisa Stringer the west half of the *north*west quarter of a certain section of land in Montgomery county, of which she was then the owner, and paid her a valuable consideration therefor, and that on that day the said Louisa Stringer, together with her husband Henry D. Stringer, executed to the plaintiff a warranty deed intended to convey said tract of land to him, but that, by the mutual mistake of the parties thereto, said deed described said tract of land as the west half of the *south*west quarter of said section; that afterwards the said Louisa Stringer, with her said husband, without any valuable consideration whatever, conveyed the tract of land, so purchased by the plaintiff, to Robert F. Hart and Mary E. Hart, his wife, and that thereupon the said Hart and wife, without any consideration conveyed the same tract of land to Jacob R. Etter;

that the said Hart and wife and the said Etter, at the time they received their respective conveyances, had full knowledge of the plaintiff's purchase of said tract of land.

Etter answered:

1. In general denial.

2. That on the 4th day of April, 1878, he purchased the tract of land in controversy of the said Louisa Stringer, who was then the owner thereof, and paid her a valuable consideration for the same, and that on that day the said Louisa Stringer, with the said Henry D. Stringer, her husband, executed to him, the said Etter, a warranty deed for said land; that when the plaintiff afterwards bargained with the said Louisa Stringer concerning said land, he had notice that he, the said Etter, was the owner thereof.

3. By way of answer and cross complaint, setting up substantially the same matters as in the second paragraph, but averring some additional facts and praying affirmative relief.

The plaintiff replied to the second and third paragraphs of Etter's answer:

1. In denial.

2. That on the 4th day of April, 1878, and immediately prior thereto, the defendant Robert F. Hart was the owner of the land in suit, and was the surety of his brother, one James H. Hart, to divers persons for the payment of large sums of money; that, for the purpose of cheating, hindering, delaying and defrauding the creditors of the said James H. Hart, to whom he, the said Robert, was surety as above stated, he entered into a conspiracy with the said Louisa Stringer, Henry D. Stringer and the defendant Etter, by which said land was to be fraudulently conveyed to the said Etter, and to be held by him for the use and benefit of the said Robert; that, in accordance with the terms of such conspiracy, the said Robert and wife, on said 4th day of April, 1878, conveyed said land, without any valuable consideration, to the said Louisa Stringer, who thereupon, on the same day, with her

husband, made a voluntary conveyance of said land to the defendant Etter; that, soon afterwards, the debts for which the said Robert was surety, as above set forth, were compromised and paid; that thereupon, by the mutual consent of all parties thereto, the deeds so made to the said Louisa Stringer, and by her and her husband to the said Etter, and which had not yet been recorded, were surrendered, cancelled and destroyed. Wherefore it was claimed that Etter was estopped from asserting any claim to the land in dispute.

The reply contained two additional paragraphs, but they were but repetitions in different forms of the same substantial matters set out as above in the second paragraph. Etter demurred separately to all the paragraphs of the reply except the first, but his demurrer was overruled as to all the paragraphs thus demurred to. A jury returned a general verdict for the plaintiff. Whereupon the court entered a decree reforming the plaintiff's deed as demanded by the complaint, declaring him to be the owner of the land described in the deed as reformed, and quieting his title to the land. Etter alone has appealed. We have no brief for the appellee, and the record is in some respects not in a satisfactory condition, but apparently the first question we are required to consider. is that of the sufficiency of the second paragraph of the reply.

It is argued that, upon the facts stated in that paragraph, the plaintiff was shown not to have occupied such a relation to the land claimed by him as to enable him to take advantage of the alleged fraudulent character of either the deed from Hart and wife to Mrs. Stringer, or from her and her husband to Etter.

The statute bearing upon the question thus raised, and which was in force when the deeds sought to be avoided were made, was as follows:

"All conveyances or. assignments in writing or otherwise, of any estate in lands, or of goods, or things in action, * and all bonds, contracts, evidences of debt, judgments, decrees,

made or suffered with the intent to hinder, delay, or defraud creditors, or other persons of their lawful damages, forfeitures, debts, or demands, shall be void as to the person sought to be defrauded." 1 R. S. 1876, p. 506, section 17.

With this statute, and other decided cases before it, this court, in the case of *Edwards* v. *Haverstick*, 53 Ind. 348, said: "It is firmly settled by repeated decisions in this State, that a contract for the sale or conveyance of property, to hinder or delay creditors, is illegal as to creditors only. As between the parties, and as to all others than creditors, it is legal and valid, and can be enforced in all of its terms as any other contract."

The rule of law thus formulated was well supported by the authorities cited in that case, and has since been fully recognized by this court. *Garner* v. *Graves*, 54 Ind. 188; *Sharpe* v. *Davis*, 76 Ind. 17; *Stout* v. *Stout*, 77 Ind. 537.

As has been seen, the paragraph of reply under consideration did not show the plaintiff to have been either a creditor of the Harts, or to have been otherwise interested in the subject-matter of the alleged fraudulent conveyances, at the time those conveyances were made.

The plaintiff was not, therefore, the person sought to be defrauded within the meaning of the statute set out as above. Nor was he, in legal contemplation, actually defrauded by such conveyances, conceding them, as the demurrer did, to have been fraudulent as to the creditors of the Harts. The facts set up by the plaintiff in reply were likewise an attack upon the title of Mrs. Stringer, under whom he claimed, as well as upon the title of Etter, and were inconsistent with the averments of the complaint, which asserted that Mrs. Stringer was the owner of the land in litigation at the time the plaintiff purchased it from her, and that he derived title through her. In these respects the facts replied were to the effect that neither the plaintiff nor Etter had any title to

the land. This was obviously bad pleading and constituted an insufficient reply to the answer of Etter. A party can not be permitted to plead facts in derogation of his own title for the purpose of destroying the claim of his adversary, while seeking to recover upon the strength of his own title.

What we have said as to the second paragraph has a substantial application to both the third and fourth paragraphs of the reply.

We are consequently brought to the conclusion that all the special paragraphs of the reply were bad upon demurrer, and that for that reason the judgment ought to be reversed.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

## ON PETITION FOR A REHEARING.

NIBLACK, J.—On the 24th day of November, 1880, this cause was submitted in open court, upon default of the appellant, on what appears to have been the motion of the appellee. On the 25th day of May, 1881, the appellee moved to dismiss the appeal because the appellant had failed to give notice to his co-defendants below, who had not joined in the appeal. Action upon that motion was afterwards postponed, and no formal ruling seems ever to have been made upon it. On the 30th day of November, 1881, the appellee moved to set aside the submission of the cause, upon the ground that he had not in fact caused the cause to be submitted, and that the record of our proceedings did not, in that respect, speak the truth. That motion was supported on the one side, and resisted by the other, by affidavits respectively filed by the parties. That motion appears also to have been postponed without having been formally decided.

We did not refer to or pass upon these motions upon the final hearing, and we are now asked to grant a rehearing of the cause so that those motions may be severally taken up and decided as preliminary to the consideration of this appeal upon

its merits. Our failure to notice the motions set forth as above, when this cause was formerly before us, was an inadvertence merely, and that inadvertence may have been, to some extent at least, induced by the omission of the appellee to file a brief upon the general merits of the appeal.

At the time the appellee moved to dismiss this appeal the record showed that, six months previously, the cause had been submitted upon his motion. The submission, therefore, having been with his consent, his right to have the appeal dismissed for want of notice to co-parties had been waived, and the motion to dismiss, consequently, came too late to be effective. *Field* v. *Burton,* 71 Ind. 380; *Easter* v. *Severin,* 78 Ind. 540.

We are also of the opinion that no sufficient reason was shown for setting aside the submission of the cause. In the first place, nothing was made to appear from which it could be inferred that any injury resulted to the appellee from the submission at the time it was made.

In the next place, we think the affidavits submitted by the appellee did not exclude every conclusion in favor of the verity of the record noting the submission. One of the attorneys for the appellee, who was in court at the time the submission appears to have been made, only swears that he has no recollection of having submitted the cause, and believes he did not agree to its submission.

In the third place, in view of the time which had elapsed, and of other proceedings which had intervened, we feel it incumbent on us to hold that due diligence was not exercised in making an effort to get rid of the supposed error in the submission of the cause, and that hence the motion to set aside the submission also came too late.

We are also asked to grant a rehearing for alleged errors in the opinion heretofore submitted by us. Under our practice we are not required to enter into the consideration of questions for the first time presented upon a petition for a re-

hearing. Being satisfied with the substantial conclusions reached by us heretofore, and announced in our original opinion, we will not now attempt any review of the remaining questions suggested by the petition for a rehearing.

The petition for a rehearing is overruled..