## LEASURE v. LEASURE.

[No. 12,483. Filed June 9, 1927. Mandate modified November 23, 1927.]

1. FRAUDULENT CONVEYANCES.—*Fraudulent intent of grantor is question of fact.*—Under the express provision of §8068 Burns 1926, in an action to set aside a conveyance as fraudulent, the question of fraudulent intent is one of fact. p. 503.

2. FRAUDULENT CONVEYANCES.—*Fraudulent conveyances are voidable only as to creditors; they are good as to all others.*—All conveyances made for the purpose of hindering, delaying

or defrauding creditors are voidable as to the persons sought to be defrauded (§8064 Burns 1926), but, as between the parties and as to all others except creditors, such conveyances are good. p. 503.

3. FRAUDULENT CONVEYANCES.—*Fraudulent conveyances are not absolutely void but are only voidable.*—Although the statute declares that all conveyances made with intent to hinder, delay or defraud creditors are void (§8064 Burns 1926), such conveyances are not absolutely void but are voidable only at the suit of the injured party. p. 503.

4. FRAUDULENT CONVEYANCES.—*Grantee in fraudulent conveyance may quiet title as against interloper or trespasser.*—Although the statute makes it a criminal offense to execute a deed or other conveyance to hinder, delay or defraud creditors (§2895 Burns 1926), such a conveyance is valid as to the grantee until set aside, and such grantee may maintain an action to quiet title against an interloper or trespasser who is without any legal claim to the property or any part thereof. p. 503.

5. FRAUDULENT CONVEYANCES.—*Evidence held insufficient to show violation of statute making it criminal offense to execute a fraudulent conveyance.*—Evidence held insufficient to show a violation of the statute making it a criminal offense to be a party to any conveyance or assignment of any interest in land for the purpose of defrauding purchasers or hindering, delaying or defrauding creditors (§2895 Burns 1926). p. 504.

From Parke Circuit Court; *Roy Baker,* Judge.

Action by Jennie Leasure, widow of James C. Leasure, against Hannah M. Leasure to quiet title. From a judgment for defendant, the plaintiff appeals. *Reversed.* By the court in banc.

*E. L. Swadener, J. M. Johns* and *J. W. Amis,* for appellant.

*Noble J. Johnson* and *Josiah T. Walker,* for appellee.

This action was instituted in the Vigo Circuit Court by Jennie Leasure, appellant here, against Hannah M. Leasure, appellee here. The complaint is in one paragraph. By this complaint the plaintiff seeks to quiet her title to certain real estate and to recover judgment

for possession and damages in the sum of $10,000 for unlawful possession.

The defendant filed an answer of general denial, after which the venue was changed to the Parke Circuit Court. By agreement, a jury trial was waived. After hearing the plaintiff's evidence, the court found for the defendant. A motion for a new trial was overruled and judgment was rendered that the plaintiff take nothing and pay the costs.

The evidence establishes the following material facts: The plaintiff Jennie Leasure is the widow of James C. Leasure, deceased. At the time of their marriage, he was the owner of the real estate described in the complaint. On January 6, 1920, he conveyed the real estate to William W. Brown, by deed of general warranty in which his wife joined. The consideration stated in the deed is $3,500 and a revenue stamp in the sum of $3.50 is affixed. On March 11, 1921, William W. Brown and his wife Celia A. Brown conveyed the real estate to J. C. Leasure and his wife Jennie Leasure, by deed of general warranty. The consideration stated in this deed is $1. Both deeds were duly acknowledged and recorded.

The value of the real estate is $9,000 or $10,000, and the rental value is $90 per month. Leasure occupied the lower floor on the corner and in the rear as a residence until his death, August 6, 1923. He carried on an automobile accessory and garage business in other parts of the building.

William W. Brown testified on cross-examination: I am the Mr. Brown named as grantee in the deed from James C. Leasure and Jennie Leasure to William W. Brown, dated January 6, 1920. I did not pay him anything for the property. Q. What did Mr. Leasure say was the reason he was conveying the property? A.

Why, it seemed as though he had been on a bond for a guardian or something of that kind, and they had brought suit against him and he wanted a deed made to me and from me to him and his wife. His very object was— Q. So he could avoid liability on the bond? A. Yes, sir.

DAUSMAN, J.—(after stating the facts): It should be observed at the outset that two causes of action are confused in a single paragraph of complaint: (1) To recover damages for wrongful possession of real estate; and (2) to quiet title to the real estate. We will first consider the case as an action to quiet title.

Counsel for the defendant (the appellee here) contend that the judgment is right for the reason that the deeds introduced in evidence are void. The contention is based on a statutory declaration that any person who is a party to a conveyance of any interest in land made to hinder, delay or defraud *purchasers* or *creditors*, or whoever knowingly and willingly aids in carrying out a conveyance of that kind, shall be guilty of a criminal offense. §2660 Burns 1914, §2895 Burns 1926. See, also, §2156 R. S. 1881.

Now, how is that statute to be construed? Is it applicable to the facts of this case? Assume that James C. Leasure "had been on a bond for a guardian or something of that kind"; that an action on the bond had been instituted; and that the conveyance was made "so he could avoid liability on the bond." On that state of facts and nothing more, would the conveyance be void? Suppose the action on the bond resulted in a judgment for the defendants, thereby establishing the fact that there was no liability on the bond, then would the conveyance be void? Suppose that the action on the bond resulted in a judgment for the plaintiff and that the judgment was promptly paid by the principal in the

bond, then would the conveyance be void? Is any conveyance in violation of that statute absolutely void or merely voidable?

In actions to set aside conveyances on the ground of fraud, the question of fraud is one of fact. §8063 Burns 1926, 1 R. S. 1852 p. 299. Assuming that

1-3. the conveyance in this case is fraudulent as to creditors, it is neither void nor voidable as to persons other than creditors. By §8064 Burns 1926, it is declared that all conveyances made for the purpose of hindering, delaying or defrauding creditors shall be *void* as to the persons sought to be defrauded. But, as between the parties and as to all others except creditors, such conveyances are good. Such conveyances are not absolutely *void*. They are only voidable at the suit of the injured party. *O'Neil* v. *Chandler* (1873), 42 Ind. 471; *Bentley* v. *Dunkle* (1877), 57 Ind. 374; *Etter* v. *Anderson* (1882), 84 Ind. 333; *Kitts* v. *Willson* (1894), 140 Ind. 604, 39 N. E. 313; *First Nat. Bank* v. *Smith* (1898), 149 Ind. 443, 49 N. E. 376; *Doney* v. *Laughlin* (1911), 50 Ind. App. 38, 94 N. E. 1027; *Price* v. *Engle* (1922), 77 Ind. App. 439, 133 N. E. 755.

If James C. Leasure, in making the conveyance, committed a fraud on his creditors, it in no way affected appellee, and, as to her, the deeds conveyed a good

4. title to Leasure and his wife as tenants by the entireties, and, upon the death of her husband, appellant became the owner of the fee simple title; and, so far as appears from the record now before us, appellee is an interloper and trespasser without any lawful claim to the property or any part thereof. In so far as she is concerned, appellant is entitled to a decree quieting her title. (See *Clendening* v. *Ohl* [1889], 118 Ind. 46, 20 N. E. 639.)

Counsel for the defendant, in support of their proposition that the deeds are void, cite the following cases:

*Winchester, etc., Light Co.* v. *Veal* (1895), 145 Ind. 506, 41 N. E. 334, 44 N. E. 353; *Harrison Tp.* v. *Addison* (1911), 176 Ind. 389, 96 N. E. 146. We have examined these cases and find that they are not applicable.

Just what specific acts constitute violations of this section of the statute, we will not undertake to say. (See *State* v. *Miller* [1884], 98 Ind. 70.) We do say, 5. however, and we say it most emphatically, that the evidence in this case does not make out a violation of the statute.

At this point, it is important to inquire concerning the status of the defendant Hannah M. Leasure. Who is she? What relationship, if any, did she sustain to James C. Leasure? What interest in the real estate does she claim? If the deeds introduced in evidence should be void, as she contends, how would that confer any benefit on her? She has not been granted, nor has she asked, any affirmative relief. What right then has she to obstruct the plaintiff's effort to establish her title by judicial decree? The record furnishes no answer.

*Prima facie* the real estate is the property of the plaintiff. She must not be deprived of it, and she must not be handicapped in future litigation concerning it, by the record in this case.

The element of damages for unlawful possession as averred in the complaint is a secondary matter and the evidence is not sufficient to warrant a judgment thereon.

The judgment is reversed, with directions to give appellant leave to file an amended complaint, if she desires, separating the several causes of action into paragraphs, and for further proceedings consistent with this opinion.

## ON MOTION TO MODIFY MANDATE.

McMAHAN, J.—Appellant has filed a motion asking that we modify the mandate so as to direct the trial

court to enter a decree quieting her title. Our statement that appellant was entitled to a decree quieting her title, was made in view of the evidence then under consideration. It was not our intention to convey the idea that upon the reversal a decree should be entered for appellant. Since some misunderstanding appears to have arisen in that regard, we now direct the trial court to sustain appellant's motion for a new trial, and thereafter take such proceedings as are not inconsistent with the opinion of this court.