## FORDICE *v.* FORDICE

[No. 18,700. Filed March 6, 1956. Rehearing denied May 1, 1956. Transfer denied June 5, 1956.]

*Robert E. Coates,* of Indianapolis, and *Charles H. Foley,* of Martinsville, for appellant.

*Frederick W. Steiger,* of Indianapolis, and *Gilbert W. Butler,* of Martinsville, for appellee.

CRUMPACKER, J.—The appellee was granted an absolute divorce from the appellant by judgment of the Morgan Circuit Court on a charge of cruel and inhuman treatment. The appellant contends, *inter alia,* that the evidence fails to sustain such charge and therefore the finding of the court is contrary to law. We are presented with a bill of exceptions consisting of 166 pages of testimony a recital of which can be of no service to the parties, bar or public. It is sufficient to say that the record reveals a two-sided marital controversy. The appellee's version makes a case of cruel and inhuman treatment and the trial court having accepted such version has put it beyond our reach to disturb its decision on the facts.

The appellant insists, however, that certain undisputed evidence compels the conclusion that her offenses, because of which the court decreed divorce, were fully condoned by the appellee and that she has committed no acts constituting grounds for divorce subsequent to such condonation. This contention is based on the undisputed fact that on the

night before their final separation there was sexual consortium after which there have been no incidents, anti-social in character, to this day. The appellee explained the occurrence in these words: "The night before I left my wife came into my room and forced me to have relations with her." Without spelling out our process of deductive reasoning we characterize this statement as beyond belief. The evidence indicates, however, that the consortium occurred upon the initiative and advances of the wife. With some knowledge of the chemistry of the human male we conceive it to be possible that the act was merely an outlet for a normal biological urge rather than an expression of love and forgiveness. However that may be, we believe it is the law that a single act of sexual intercourse is not condonation of cruelty unless done with the intent to forgive. 17 Am. Jur., Divorce and Separation, §210, p. 257. See also Annos: 14 A. L. R. 939 and 98 A. L. R. 1359. Such being the law, obviously the appellee's intent was a question of fact for the trial court to determine and having resolved it in favor of the appellee we are bound thereby.

Finally the appellant contends that the court erred in refusing to allow her a reasonable sum of money for the use of her attorneys in defending her interests in court. The power of the court to allow attorney fees in divorce cases is statutory. The pertinent statute is §3-1216, Burns' 1946 Replacement, which reads as follows:

"Pending a petition for divorce, the court, or the judge thereof in vacation, may make, and by attachment enforce, such orders for . . . attorney fees as will insure to the wife an efficient preparation of her case and a fair and impartial trial thereof. And, on decreeing a divorce in favor of the wife or refusing one on the application of the husband, the

court shall, by order to be enforced by attachment, require the husband to pay all reasonable expenses of the wife in the prosecution or defense of the petition including a reasonable sum for the services of the attorney representing such wife. . . ."

In construing this statute we have said that the trial court has no power, in granting a decree of divorce to the husband, to make an allowance to the wife's attorneys. *Fites* v. *Fites* (1916), 62 Ind. App. 396, 112 N. E. 39; *Hart* v. *Hart* (1929), 90 Ind. App. 220, 168 N. E. 492. Appellant contends that these holdings have been overruled by this court's decision in *Mendenhall* v. *Mendenhall* (1946), 116 Ind. App. 545, 64 N. E. 2d 806, wherein the wife was allowed fees for her attorneys upon final decree although the divorce was granted upon application of the husband. We cannot agree with such contention. In the Mendenhall case the attorneys' fees involved were allowed upon the wife's *pendente* application made before trial. By reason of its inability to then determine a reasonable fee the court made a partial allowance of $200 and the balance due was fixed in final decree. The liberal construction rule announced in the Mendenhall case certainly does not authorize defiance of the statute and the court's refusal to allow the appellant fees for her attorneys was entirely proper.

Judgment affirmed.

Royse, C. J., not participating.

NOTE.—Reported in 132 N. E. 2d 618.