EDWARDS v. EDWARDS.

[No. 19,358. Filed November 8, 1961. Rehearing denied December 7, 1961.]

*Charles K. McCormack* and *Albert W. Ewbank,* both of Indianapolis, for appellant.

*Jessie Levy, Paul E. Blackwell* and *Levy & Shusler* and *Rochford & Blackwell,* both of counsel, all of Indianapolis, for appellee.

PFAFF, C. J.—This is an appeal from a judgment of the Marion County Superior Court granting appellee a divorce from the appellant. As part of the decree of divorce, the custody of the minor child of appellant and appellee was placed in the appellee with the appellant being ordered to make support payments for the care and maintenance of the child. The property rights of both parties were settled by the decree of divorce.

In view of the conclusion we have reached we do not deem it necessary to discuss the various pleadings and court approved *pendente lite* agreement of the parties.

There is no bill of exceptions containing the evidence in this case. Therefore, we cannot consider any question which appellant has raised that requires a consideration of the evidence.

It is undisputed that the first hearing of this case was held on December 16, 1958, before the Honorable Norman E. Brennan then the regular, duly qualified and acting Judge of the Marion Superior Court No. 3.

At the conclusion of that hearing the appellee, in her brief, says that the cause was continued until after

January 1, 1959. Although the term of Judge Brennan expired on that date, it was agreed by the parties that he should hear and determine the issues in this case should hearings be held after January 1, 1959. Subsequently, on January 9, 1959, the Honorable Robert G. Robb, the then regular Judge of said Court, on his own motion disqualified himself and the record shows that the court "by agreement of the parties hereby appointed Honorable Norman E. Brennan as Special Judge." The above order was shown by a motion of appellee for a *nunc pro tunc* entry after it was discovered, through some mistake or inadvertence, that it was not in the record brought here.

Appellant contends the record does not show that Judge Brennan qualified as Special Judge after said appointment and the Court erred in making a *nunc pro tunc* entry showing his appointment and qualification. The record discloses there were several hearings of this cause before Judge Brennan after January 9, 1959. Appellant made no objections to his presiding as such Judge until after judgment was entered in this case. The decree consumes seven pages of the transcript and eight pages of appellant's brief. In our opinion, it would serve no good purpose to set the decree out in detail, but we do wish to call to the attention of the parties that said decree and judgment signed by Judge Brennan on the 12th day of March, 1959, has the approval and consent of the attorneys representing the parties on that date.

One of the strongest presumptions indulged in by an appellate tribunal is that the trial court acted in accord with the law unless it is affirmatively shown otherwise. On the record before us there is no showing that Judge Brennan did not qualify,

if under the circumstances herein it was necessary for him to do so.

Appellant next contends the court erred in not requiring an official reporter to take the evidence at the trial of this cause. It is agreed by the parties that at the first hearing of this cause the regular reporter was absent because of illness and a substitute could not be found. The parties to avoid a continuance agreed to proceed with the hearing without a reporter. The record does not show that at any of the subsequent hearings appellant made any request for a reporter to take or transcribe the evidence. Under these circumstances he cannot now complain because there was no reporter present.

The judgment and decree herein indicates the trial court attempted to make an allowance of fees to appellant's attorney then of record.

The appellant now contends that it was contrary to law and reversible error for the trial court to order him to pay his own attorney fees and to constitute the same a lien against the real property and assets of the parties. This court, in the case of *Fordice* v. *Fordice* (1956), 126 Ind. App. 562, 132 N. E. 2d 618, stated: "The power of the court to allow attorney fees in divorce cases is statutory."

Sec. 3-1216, Burns' 1946 Replacement, provides in part as follows:

> "Pending a petition for divorce, the court, or the judge thereof in vacation, may make, and by attachment enforce, such orders for the disposition of the persons, property and children of the parties as may be deemed right and proper and such orders relative to the expenses of such suit and attorney fees as will insure to the wife an efficient preparation of her case and a fair and impartial trial thereof. And, on decreeing a divorce in favor of the wife or refusing one on the application of

the husband, the court shall, by order to be enforced by attachment, require the husband to pay all reasonable expenses of the wife in the prosecution or defense of the petition including a reasonable sum for the services of the attorney representing such wife which sum for attorney fee shall be payable direct to said attorney and the order for same shall be in the name of said attorney, when such divorce has been granted or refused."

We have been unable to find any statute or case law authorizing a court to award fees to the husband's attorney in the divorce decree. In view of the fact that the above statute is completely silent in respect to the husband's attorney, we must conclude that the trial court erred in making an award for the appellant's attorney fees and in constituting same a lien against the real property and other assets of the parties.

The judgment also attempted to relieve appellant from liability on a mortgage upon real estate involved in the action. The mortgagee was not a party to this action and did not consent thereto. This was error.

The Supreme Court, in the case of *Shula* v. *Shula* (1956), 235 Ind. 210, 132 N. E. 2d 612, stated: "The court was without authority to make an order which 'relieved' appellant of liability on the mortgage without the consent of the mortgagee or its having been made a party to the action. 27 C.J.S., §302, p. 1161, §2-222, Burns' 1946 Repl. (Acts 1881 (Spec. Sess.), ch. 38, §24, p. 240)."

This cause is remanded to the trial court with instructions to strike and expunge from its judgment that portion thereof allowing fees to the appellant's attorney and also that part relieving appellant from liability on said mortgage. In all other respects the judgment of the trial court is affirmed.

Bierly and Kelley, JJ., concur.

Gonas, J., concurs in the result.

NOTE.—Reported in 177 N. E. 2d 919.