BLUE *v*. BLUE.

[No. 20,367. Filed July 18, 1966. Rehearing denied August 22, 1966. Transfer denied December 6, 1966.]

*Ferd Samper*, and *Jack W. Broadfield*, of counsel, of Indianapolis, for appellant.

*Sherwood Blue, Janet L. Roberts* and *Albert W. Ewbank*, of counsel, all of Indianapolis, for appellee.

BIERLY, J.—This action comes to us as a result of the court below granting an absolute divorce and custody of two minor children to G. David Blue, hereinafter referred to as appellee, on his complaint, and against Joanne E. Blue, hereinafter referred to as appellant, on her second amended cross-complaint. Both parties alleged in their complaints, the statutory grounds of cruel and inhuman treatment pursuant to Burns' § 3-1201, 1946 Replacement.

Appellant assigns as error, that the court erred in overruling appellant's motion for a new trial. Contained in said motion are the following specifications:

"1. The finding of the court is not sustained by sufficient evidence.

"2. The finding of the court is contrary to law."

Appellant has grouped her argument into three areas, since substantially the same question is raised in this case by both specifications set out above.

For her first point she submits that:

"The evidence in this case most favorable to appellee, together with all favorable inferences to be drawn therefrom indisputably shows that appellee was guilty of cruel and inhuman treatment toward the appellant."

Secondly, the appellant submits that:

"Because of the fact that appellee, David Blue, was guilty of cruel and inhuman treatment, he should not have been granted an absolute divorce."

Lastly, appellant submits:

"That because David Blue, appellee, was guilty of a matrimonial offense which is a cause for divorce the court abused his discretion by ignoring the facts and by decreeing the absolute divorce to the appellee."

In summary, it could be said, that the appellant is asking us to invoke the doctrine of recrimination, and deny a divorce to either party.

The doctrine of recrimination has been stated by the case law of this state to be:

"Where each of the married parties has committed a matrimonial offense, which is a cause for divorce, so that, when one asks for this remedy, the other is equally entitled to the same, whether the offenses are the same or not, the court can grant the prayer of neither." Brown, Div. § 84, cited in *Haverstock* v. *Haverstock* (1965), 246 Ind. 426, 206 N. E. 2d 368, 369.

The trial court, in the case at bar, found for the appellee on his complaint and against the appellant on his cross-complaint; thus, finding that the appellant was guilty of cruel and inhuman treatment, and that the appellee was not, else the court would not have granted a divorce to the appellee.

Apropos to the case at bar, we quote approvingly from an opinion by the Supreme Court in the case of *McMurrey* v. *McMurrey* (1936), 210 Ind. 595, 597, 4 N. E. 2d 540, as follows:

> "It was the duty of the court to hear and weigh the evidence submitted upon both paragraphs of the complaint and the answers thereto. This was done and the court evidently found that the evidence submitted on the second paragraph of defendant's answer charging adultery did not sustain the same. The evidence submitted on this proposition sustains the finding of the court. It was the lower court's duty to weigh the evidence, and it is not now this court's duty." See: *Stinson* v. *Stinson* (1947), 117 Ind. App. 661, 74 N. E. 2d 745.

In the case at bar, there was much conflicting evidence produced by witnesses from both sides. If we were called upon to apply the doctrine of recrimination, we could not do so without weighing the evidence, and trying to substitute our judgment as to the credibility of the testimony of the witnesses which, it is clear, we are not in a position to do, nor is it our function to do so. Only where the evidence is uncontroverted "regarding the conduct of the appellee and the appellant such as would have, as a matter of law, entitled the appellant to a divorce," and where there is an absence of "other evidence in the record which, as a matter of law, would have justified appellee's misconduct," will this court apply the doctrine. (Quotation from *Haverstock* v. *Haverstock, supra.*) For the foregoing reasons, we are of the opinion that there is no error in respect to this contention by appellant.

Appellant, in her final argument of her brief, submits that the lower court abused its discretion by not recognizing

and applying the "tender years doctrine" to the case at bar. That doctrine as expressed in *Elford* v. *Elford* (1942), 36 Abs. 397, 44 N. E. 2d 124, 129, is stated thus:

"However, there is a natural right in the mother to have the first privilege to nurture and care for her own young based upon the common experience that the child's best interest are ordinarily served when assured the love, care and attention of its mother."

Appellant concedes that Indiana adheres to the "best interests of the child" doctrine, but calls upon us to make a clear pronouncement and decision as to how important a role it must play in custody matters.

In Indiana, the law regarding these matters, has firmly been established. In *Kessler* v. *Kessler* (1963), 135 Ind. App. 85, 91, 192 N. E. 2d 4, the rule is stated to be:

"The general rule of law is the children's welfare and best interests are the paramount and controlling considerations in all disputes over the custody of a child or children. The rights of parents to such custody are not absolute and the disposition of such children is not controlled by hard and fast rules of law but by the exercise of sound judicial discretion of the court confronted with the problem. A review by an appellate tribunal of such disposition is limited solely to the question of the abuse of judicial discretion. See: *Gilchrist* v. *Gilchrist* (1947), 225 Ind. 367, 75 N. E. 2d 417; *Brown* v. *Beachler* (1946), 224 Ind. 477, 68 N. E. 2d 915, 916 and cases cited; *Duckworth* v. *Duckworth* (1932), 203 Ind. 276, 282, 179 N. E. 773; *Weber* v. *Redding* (1928), 200 Ind. 448, 455, 163 N. E. 269."

In the case at bar, the trial court had an opportunity not only to hear the parties and their relatives, but also, it heard testimony from a psychiatrist, a psychologist, and a young lady student in the field of psychology.

Upon review, we find that there was sufficient evidence upon which the decision of the trial court, as to custody could be based; thus, we find no error in the exercise of judicial

discretion in applying the "best interests of the child" rule to the case at bar.

We are of the opinion that the judgment of the trial court should be affirmed.

Judgment affirmed.

Smith, C.J., concurs.

Hunter and Mote, J.J., concur.

NOTE.—Reported in 218 N. E. 2d 370.