O'CONNOR *v.* O'CONNOR

[No. 20,603. Filed November 13, 1968. Rehearing denied December 11, 1968. Transfer granted December 10, 1969.]

*Richard W. Adney*, of Lebanon, and *Rockford & Blackwell*, of Indianapolis, for appellant.

*John L. Fox*, of Indianapolis, for appellee.

PER CURIAM.—This is an action for divorce brought by appellee against the appellant. Originating in Marion County, the cause was venued to the Boone County Superior Court.

Appellee's complaint alleged that appellant was guilty of cruel and inhuman treatment and that appellee was a fit and proper person to have custody of the two minor children, one of which was the natural child of appellee and appellant, and the other was appellee's child by a former marriage and adopted by the appellant.

Appellant filed an answer to appellee's complaint categorically denying the material allegations of appellee's complaint; and he also filed a cross-complaint, alleging that appellee was guilty of cruel and inhuman treatment and that he is a fit and proper person to have custody of the children. Appellee filed an answer to the cross-complaint denying the material allegations. On these issues the cause was submitted to the court for trial.

The trial court rendered judgment for the appellee upon her complaint and against the appellant on his cross-complaint. Appellee was granted an absolute divorce and cus-

tody of the two children. Appellant was ordered to pay $20.00 per week for each child, and was given visitation rights on alternate weekends. Appellee was awarded the real estate, all household goods, and an automobile. Appellant was awarded an automobile. Appellant was ordered to pay appellee's attorney the sum of $750.00, and since has been ordered to pay an additional $750.00 to enable appellee to defend this appeal.

Appellant filed a timely motion for new trial, which was overruled by the trial court. This action of the trial court is assigned as error.

There are a total of eleven specifications urged before this court which were included in appellant's motion for new trial. The only specification we deem it necessary to consider is the allegation that the judgment of the trial court is contrary to law. The basis of this specification is that the misconduct of the appellee, based upon her own testimony, precluded the trial court from granting her a divorce; and ordering the appellant to pay her attorney fees.

We will not belabor this opinion with setting out all of Mrs. O'Connor's relevant testimony verbatim; however, we do find it necessary to summarize her testimony as follows:

Appellee first testified that she had not "been out" alone with any men other than her husband. However, subsequent testimony revealed that in August, 1964, she met a man in Milwaukee, Wisconsin, and slep in the same bed with him two nights in a motel. Mrs. O'Connor testified that they "kissed, nothing more". The man paid her traveling expenses to Milwaukee. At the time she went to Milwaukee she had told Mr. O'Connor that she was going to the cottage of a girl friend for the weekend in northern Indiana.

In October, 1965, appellee spent four or five days with the same man in Tulsa, Oklahoma. Again, he paid her traveling expenses, Mrs. O'Connor journeying to Tulsa by jet airplane.

Mrs. O'Connor also testified that before the parties separated she had dated "a man from Topps".

Although incomplete, the above summary does convey the "highlights" of appellee's testimony regarding her extra-marital activities.

Under the authority of *Haverstock v. Haverstock* (1965), 246 Ind. 426, 206 N. E. 2d 368, we are convinced that under the testimony most favorable to appellee she should not have been granted a divorce.

Although to many, including some judges, it may seem not justifiable to deny relief to a guilty party in cases such as these, the fact remains that the law in this state, as pronounced by our Supreme Court, recognizes the doctrine known as recrimination. *Alexander v. Alexander* (1894), 140 Ind. 55, 38 N. E. 855. *Haverstock v. Haverstock, supra.* Thus, a guilty party may not be granted a divorce in Indiana unless the misconduct has been condoned by the other mate. There was no evidence of condonation in the case before us.

We believe that, even in the face of appellee's denial, appellant did prove that appellee had committed adultery. However, such is not necessary for a reversal of this cause. For, even if this court accepts appellee's incredible tale *in toto,* her testimony shows that she was, without a doubt, guilty of cruel and inhuman treatment toward the appellant.

While observing that the evidence to support any finding against appellant was, to say the least, scanty, but without ruling whether the appellant's alleged cruel and inhuman treatment was sufficient to constitute statutory cruel and inhuman treatment, we can say that appellee was not an innocent party and was, therefore, not entitled to a decree of divorce.

Further, we find that as appellee was not entitled to a divorce, the trial court had no power to order appellant to pay appellee's attorney fees. We found, in *Fordice v. Fordice* (1956), 126 Ind. App. 562, 564, 132 N. E. 2d 618, that "the power of the court to allow attorney fees in divorce cases is statutory". The relevant statute, Burns' Ind. Stat. Anno. § 3-1216, provides only that "... on decreeing a divorce in favor of the wife or refusing one on the application of the husband ..." may the trial court order attorney fees to be paid. The wife in the present case not being entitled to a divorce, neither was she entitled to an award for attorney fees.

Because the decision of the trial court was contrary to law, this cause is remanded for a new trial; and appellee's alternative motion to affirm, heretofore held in abeyance, is denied.

Judgment reversed.

NOTE.—Reported in 241 N. E. 2d 387.