In re the MARRIAGE OF Sharon Mae HUTH, Petitioner-Appellant,

and

Richard L. Huth, Respondent-Appellee.

No. 1–481A146.

Court of Appeals of Indiana, First District.

July 27, 1982.

Michael J. McDaniel, New Albany, for petitioner-appellant.

Herbert F. Naville, New Albany, for respondent-appellee.

NEAL, Judge.

This appeal is brought by petitioner-appellant Sharon Mae Huth (Sharon) from an order of the Floyd Circuit Court granting a motion to correct errors to a decree of dissolution filed by respondent-appellee Richard L. Huth (Richard). This cause was previously before us and we remanded it to the trial court and directed it to (1) state the relief granted, and (2) its reasons therefore pursuant to Ind.Rules of Procedure, Trial Rule 63(A) and Trial Rule 59(J)(7). The only issue is the propriety of granting the motion to correct errors.

### STATEMENT OF THE FACTS

A summary of the relevant portions of the record is as follows: On March 26, 1980, the trial court dissolved the marriage of the parties, placed the two children with Sharon, ordered Richard to pay all reasonable medical expenses, and provided for visitation. The matters of support and property division were taken under advisement. Thereafter, upon Sharon's petition, a further evidentiary hearing was held on July 31, 1980. On August 1, 1980, the trial court completed its decree which: (1) ordered Richard to pay all reasonable medical, dental, and optical expenses of the children; (2) ordered Richard to pay $35 per week per child for support of the children, permitting Sharon to declare the children for income tax exemption; (3) divided the tangible personal property; (4) found that the home of the parties, valued at $70,000, had been transferred by Richard to his mother with-

out consideration prior to the commencement of the action for the purpose of defeating a property division, and awarded Sharon a judgment for $35,000, with interest, payable by June 30, 1981, making the judgment a lien on the real estate; and (5) ordered debts of the parties, totalling $6,800, to be divided equally between them, and ordered the parties to pay their own attorney's fees.

Richard filed his motion to correct errors, which reads as follows:

"Comes now respondent, Richard L. Huth, and moves the Court to set aside that portion of the Decree entered herein on the 1st day of August, 1980, wherein a lien was imposed upon real estate, for the following reasons:

1. The respondent was not the holder of title to said real estate at the time said Decree was rendered; said real estate had been transferred back to his mother prior to the commencement of divorce proceedings; respondent's mother was not joined in said proceeding as a party defendant, and the Court lacked jurisdiction to decree a lien upon real estate titled in a person's name who was not a party to this proceeding.

2. The Court's finding that a lien should be imposed upon said real estate (paragraph 7 of the Court's findings) is in conflict with paragraph 6 of the Court's conclusion of law wherein said lien is imposed upon the parties' joint real estate.

3. The Court granted relief to the petitioner above and beyond the relief for which she asked.

4. The petitioner submitted to the Court a list of household furnishings and indicated therein the division of furnishings which she desired. The Court, in its Decree, then fixed a value of all these furnishings and added said value to the improvements on the real estate and the value of the ground to arrive at a figure of Seventy Thousand Dollars ($70,000.00). This allows a double recovery to the petitioner in that she has been given the portion of the list of furnishings requested by her plus one-half (½) the value of said furnishing in cash.

5. The petitioner testified that she wanted only the list of furnishings supplied by her and one-half (½) the value of the improvements to the real estate, which improvements were appraised at Fifty-five Thousand Four Hundred Dollars ($55,400.00) by Donald McCartin, whose appraisal was filed with the Court at trial of the cause.

WHEREFORE, respondent prays that the lien decreed by the Court be set aside and that the Court review and correct the errors set out herein."

The Honorable David C. Crumbo, the judge who presided over the trial, left office on December 31, 1980, without having ruled on the motion to correct errors, and was succeeded by the Honorable Henry N. Leist. On February 3, 1981, Judge Leist made the following ruling, which is the only record concerning the motion to correct errors:

"Respondent's Motion to Correct Errors is granted." The appeal by Sharon is from that order.

Pursuant to our order, the trial court filed its reasons for granting the motion to correct errors as follows:

"The Court granted the Motion to Correct Errors, filed by the respondent, for these reasons:

1. It was not clear to this Court why a lien was imposed on real estate now titled in the name of a person not a party to the suit. The subject real estate was conveyed to the son by the mother, and stood of record in the son's name alone. He built a house on it while he was married, then conveyed it back to his mother before the Petition to Dissolve Marriage was filed. This Court simply did not have enough information to feel satisfied that a lien should be imposed on the mother's real estate, when she was not a party to the suit.

2. There is in fact a conflict between the finding of fact by the Court in Paragraph 7 of the Decree and the conclusion of law set out in Paragraph 6. The find-

ing of fact imposes a lien on the real estate transferred to the mother; whereas the conclusion of law imposes the same lien on property jointly held. Apparently the real estate reconveyed to petitioner's mother was never in joint name.

3. This Court felt that, from a review of the figures involved, there was merit in the respondent's contention that the trial court gave the petitioner more than she asked, as alleged in Paragraphs 3, 4, and 5 of the Motion to Correct Errors." The document did not state what corrective relief was granted.

## DISCUSSION AND DECISION

We experienced great difficulty in determining what relief Richard requested in his motion to correct errors, and what relief the successor judge granted, if any. Analysis of those matters is necessary. The judge who presided over the trial found that the real estate of the parties, valued at $70,000, had been fraudulently conveyed by Richard to his mother to defeat Sharon's claim for alimony. He included the value of the home in the marital assets, awarded Sharon a money judgment for one-half its value, $35,000, and made the judgment a lien on the real estate. The distribution of property was essentially equal.

Richard's motion to correct errors states that he ". . . moves the Court to set aside that portion of the decree . . . wherein a lien was imposed upon the real estate for the following reasons." As seen above, reasons 3, 4, and 5, consist of an argument that the division of property was inequitable. Nevertheless, the motion to correct errors concludes with the prayer ". . . that the lien decreed by the Court be set aside and the Court review and correct the errors set out above." To confuse the matter further, the only argument Richard makes in his brief is addressed to the "inequitable" distribution of property. No argument for the vacation of the lien is made at all. T.R. 59(D)(2) requires the claimed errors to be stated in specific rather than general terms and to be accompanied by a statement of facts and grounds upon which the errors are based.

Our reading of Richard's motion to correct errors reveals to us that the sole error claimed, with sufficient specificity to satisfy T.R. 59(B) was the challenged imposition of the lien, and the only comprehensible relief requested was to set aside the lien. The reasons 1 through 5 appear to be only arguments in support of the claimed error of the lien. We so hold.

The successor judge's ruling on the motion to correct errors, "Respondents motion to correct errors is granted," is equally vague. T.R. 59(J)(3) permits the trial court to alter, amend, modify or correct the judgment. T.R. 59(J)(7) requires that if corrective relief is granted, the court shall specify its general reasons therefor, but when a new trial is granted, the rule provides that:

"When a new trial is granted because the verdict, findings or judgment do not accord with the evidence, the court shall make special findings of fact upon each material issue or element of the claim or defense upon which a new trial is granted. Such finding shall indicate whether the decision is against the weight of the evidence or whether it is clearly erroneous as contrary to or not supported by the evidence; if the decision is found to be against the weight of the evidence, the findings shall relate the supporting and opposing evidence to each issue upon which a new trial is granted; if the decision is found to be clearly erroneous as contrary to or not supported by the evidence, the findings shall show why judgment was not entered upon the evidence."

Thus, the successor judge's ruling, being inadequate to permit appellate review, was remanded to him with directions to state what corrective relief was granted and his reasons therefor. His certification does not contain any statement as to what corrective relief was granted. He did not grant a new trial, nor did he alter, amend or modify the judgment.

Since the only error claimed by Richard was the imposition of the lien to secure Sharon's money judgment on the real estate that the court found was fraudulently conveyed to his mother, the court's action

granting the motion to correct errors can only be construed as setting aside the lien. The questions of the equitable distribution of property, the finding of the transfer to defraud creditors, not being raised or presented to the successor judge by the motion to correct errors cannot be construed as being modified in any way. *See Davis v. Davis*, (1980) Ind.App., 413 N.E.2d 993. Therefore the reasons stated by the successor judge in reason 3 relative to the property division are irrelevant. Further, the statement in reason number 1 that the court simply did not have enough information to feel satisfied that a lien should be imposed on the mother's real estate when she was not a party to the suit was also irrelevant, because factual finding number 7 of the judge who presided at the trial was not challenged by the motion to correct errors as being not supported by the evidence. Finding number 7 stated:

"That immediately prior to the filing of this cause of action, respondent transferred the real property described in the joint exhibit of the parties, the appraisal of Donald E. McCartin, to respondent's mother. From the evidence such property is marital property pursuant to Indiana law and Respondent's transfer thereof, for a grossly inadequate consideration, $1.00, was for the purpose of attempting to conceal such property or divest this Court of the jurisdiction thereof."

■ No action was taken by the successor judge to set aside finding number seven. The purpose of special findings is to provide the parties and reviewing courts with the theory on which the judge decided the case in order that the right of review may be effectively preserved. *In Re The Marriage of Miles*, (1977) 173 Ind.App. 5, 362 N.E.2d 171. Special findings entered according to T.R. 52 are binding on the appellate court, and we cannot disregard them. *Kizer v. Davis*, (1977) 174 Ind.App. 559, 369 N.E.2d 439. While it may have been the prerogative of the successor judge to set aside finding number 7 if there was not sufficient evidence to support it, he did not. Therefore, we are bound by finding number 7.

■ Citation of authority is not necessary to demonstrate that matters not raised in the motion to correct errors are waived. Ind.Rules of Procedure, Appellate Rule 8.3(A)(7); *Plough v. Farmers State Bank of Henry County*, 437 N.E.2d 471 (filed June 22, 1982) Ind.App. No. 1–181A21; *Hockelberg v. Farm Bureau Insurance Company*, (1980) Ind.App., 407 N.E.2d 1160. Therefore the only issue before the successor judge in the motion to correct errors, and before this court on appeal, is that raised in paragraph 1 of the motion to correct errors: the propriety as a matter of law of imposing a lien on marital assets fraudulently conveyed to defeat a claim for alimony. We note that the successor judge does not state as a reason for his decision that the law did not permit imposition of such a lien. Nor does he state as a reason that available to him under T.R. 63(A).

The vagaries of procedure disposed of, we approach the merits of the question preserved for appeal. Though this question is not before us, we observe first that the division of marital assets in this case which awarded substantially one-half of the assets to each party is not manifestly erroneous. *See generally, McBride v. McBride*, (1981) Ind.App., 427 N.E.2d 1148. Richard asserts in the motion to correct errors that since he did not hold title to the real estate at the time the decree was rendered, but had transferred it to his mother, the court lacked jurisdiction to decree a lien upon it.

Ind.Code 31–1–11.5–15 (Supp.1981) authorizes the court to "provide for such security, bond or other guarantee that shall be satisfactory to the court to secure the . . . division of property." This section affords the court the broadest possible discretion in requiring security for the division of marital property. *In Re Marriage of Davis*, (1979) Ind.App., 395 N.E.2d 1254. Indiana has long recognized that property transferred by a spouse to defeat the other spouse's claim to alimony or the collection of alimony is fraudulent and may be set aside. *Wireman v. Wireman*, (1976) 168 Ind.App. 295, 343 N.E.2d 292. *Wireman* concerned

an irrevocable transfer in trust of marital assets on the eve of the divorce, and the court held that the court hearing the divorce could set aside the transfer, *or* consider the property in the distribution, if the transfer was fraudulent. *See also, Schmeling v. Esch,* (1925) 84 Ind.App. 247, 147 N.E. 734. This ruling follows Ind.Code 32–2–1–14 (1976) which provides that all conveyances of any estate in land with the intent to defraud creditors shall be void as to all persons sought to be defrauded. The statute has been construed to hold that such a transfer is voidable at the instance of the defrauded creditor, *Leasure v. Leasure,* (1927) 86 Ind.App. 499, 157 N.E. 11, but binding on all persons except creditors of the grantor. *Kitts v. Willson,* (1894) 140 Ind. 604, 39 N.E. 313. In such circumstances the grantee has been likened to a trustee and may be forced to account for the property. *Phelps v. Smith,* (1888) 116 Ind. 387, 17 N.E. 602. In *Chamberlin v. Jones,* (1888) 114 Ind. 458, 16 N.E. 178, the court said:

> "Where specific property, which the creditor might have subjected to the payment of his claim, has been transferred by a debtor for the purpose of delaying and defrauding his creditors, the person accepting the transfer, with knowledge of and participating in the fraud, takes no title as against creditors. All such transfers and assignments are void upon general common law principles, as well as within the very terms of the statute." (Citation omitted.)

*Id.* at 461, 16 N.E. 178.

In *Beavans v. Groff,* (1937) 211 Ind. 85, 5 N.E.2d 514, the court described the nature of an action to set aside a fraudulent conveyance:

> "Such actions are in the nature of a judgment creditor's bill ... They have for their sole purpose the removal of obstacles which prevent the enforcement of the judgment by the executive officers of the state through the levy of execution. 'A judgment creditor's bill is in essence an equitable execution comparable to pro-

ceedings supplementary to execution'" (Citations omitted.)

211 Ind. 90, 5 N.E.2d 514.

■ Clearly the above authorities permitted the original presiding judge to consider the property transferred as marital assets and to divide the same, set aside the fraudulent transfer, and provide for security for the payment of the division of property. Sharon, as judgment creditor, had sufficient interest in the property to permit the court to impress a lien upon it, and protect it from further transfer and dissipation, even though a further action against the grantee may be necessary for Sharon to fully realize the payment of her judgment. Richard was before the trial court, litigated the matter, and is bound by the judgment as to the lien on his remaining interest, legal or equitable, in the property. However, he has no standing to litigate his mother's interest, if any, in the property, as he attempted to do here.

■ The purpose of the T.R. 59(J)(7) requirement that a court granting a motion to correct errors state its reasons, or make special findings of fact, is similar to the purpose behind T.R. 52, that is, to provide the parties and reviewing court with the theory of the trial court's decision. Here the successor judge did not grant a new trial, nor did he specify any corrective relief. His reasons for granting the motion to correct errors are insufficient to justify setting aside the lien for security on the money judgment awarded Sharon. Therefore, the successor judge having failed to follow the mandates of T.R. 59(J)(7), and having failed to furnish us any adequate reasons for granting the motion to correct errors, his action in granting the motion is reversed, and he is directed to reinstate the original judgment.

Reversed.

ROBERTSON, J., concurs.

RATLIFF, P. J., concurs with opinion.

RATLIFF, Presiding Judge.

## CONCURRING OPINION

I concur in the majority opinion of Judge Neal as to the duties of the trial judge in granting a motion to correct errors and in the result reached in this case. I also agree that the original trial judge[1] could have considered the property transferred to Richard's mother as a marital asset on the ground the transfer was fraudulent. However, I do not agree with the majority's statement that the trial judge in this case could have set aside the fraudulent conveyance.

The trial court in a dissolution proceeding may not enter a decree which disposes of or affects property rights or interests of a third person not a party to the action. *Shula v. Shula*, (1956) 235 Ind. 210, 132 N.E.2d 612; *Copeland v. Copeland*, (1969) 145 Ind. App. 73, 248 N.E.2d 571; *Edwards v. Edwards*, (1961) 132 Ind.App. 567, 177 N.E.2d 919; Annot., 63 A.L.R.3d (1975). Neither may the court award property not owned by the parties. *Geberin v. Geberin*, (1977) 172 Ind.App. 255, 360 N.E.2d 41. If the property rights of non-litigants are to be affected by the dissolution decree such persons are necessary parties to the action. *Shula; Copeland; Edwards*; 63 A.L.R.3d 403.

Here, Richard's mother was never a party to this action. The real estate in question and upon which the court sought to impose a lien for the payment of the judgment in favor of Sharon, was in the mother's name as the record owner. The deed from Richard to her had not been set aside and could not be set aside in this action because the transferee was not a party. Thus, while the court could find the transfer fraudulent and consider the real estate as marital property as between Richard and Sharon, the court could not have set aside the fraudulent conveyance in this case unless all necessary parties to such a determination were

before the court. To the extent the majority opinion might imply that the court could have set aside the conveyance in this case, I disagree. Even if, as the majority indicates, Richard had no standing to litigate his mother's interest, if any, in the property, the court could not affect the interest of the non-party. Therefore, the court could not impose any lien on the real estate so long as it remained in the name of Richard's mother. The court could impose a lien upon any interest of Richard in the real estate which lien might then become enforceable if the conveyance to the mother were set aside and title once again became vested in Richard.

---

1. The original trial judge, if available, although no longer serving as the regular judge of the court was the proper judge to rule on the motion to correct errors. *Bailey v. Sullivan*, (1982) Ind.App., 432 N.E.2d 75. However, nei-

ther party has raised any issue concerning the propriety of the successor judge ruling on the motion to correct errors. Therefore, any such issue has been waived.