## BEAVANS ET AL. *v.* GROFF.

[No. 26,819.  Filed January 15, 1937.]

*Gemmill, Browne & Campbell, Shadle & Andrews* and *Simmons & Simmons,* for appellants.

*E. F. Ferree, Bowers, Feightner & Bowers* and *Eichhorn, Gordon & Edris,* for appellee.

FANSLER, J.—Appellee brought this action against appellants seeking to subject certain real estate located in Wells and Blackford counties, held in the name of Mira Beavans, the wife of Lawrence L. Beavans, and Silbert H. Pribble, the husband of Nora E. Pribble, to the payment of a judgment in favor of appellee against Lawrence L. Beavans and Nora E. Pribble, upon the theory that it was conveyed by the latter parties in fraud of appellee, a creditor.

On May 10, 1929, appellee procured a judgment in the sum of $5,613.33, upon a promissory note, against Lawrence L. Beavans and Nora E. Pribble and others, which judgment is unsatisfied, and there is no property in the names or possession of any of the judgment defendants subject to execution. Prior to the date of the execution of the note, which was the basis of the judgment, Lawrence L. Beavans and Nora E. Pribble owned certain real estate located in Huntington, Blackford, and Wells counties. On August 8, 1929, appellee brought an action against all of the appellants in the Huntington circuit court, alleging that on July 19, 1928, with the intent to cheat, hinder, and delay their creditors, and avoid the payment of appellee's judgment, appellants Lawrence L. Beavans and Mira Beavans, his wife, and Nora E. Pribble and Silbert H. Pribble, her husband, made and executed deeds to a trustee for all of their real estate in Huntington County, and caused said trustee to reconvey said real estate by quit-claim deeds to Mira Beavans and Silbert H. Pribble; that the deeds were made, received, and accepted by the grantees without any consideration whatsoever, and with full knowledge of their fraudulent character. There was prayer for

a decree that the real estate in Huntington County be subjected to the payment of appellee's judgment. Upon the same day, the action in which this appeal is taken was filed in the Wells Circuit Court, seeking to have the real estate in Wells County subjected to the payment of appellee's judgment, and later, by amendment to the complaint, the lands located in Blackford County were included in this action. The action in the Huntington Circuit Court was tried, there was a judgment for appellee declaring the deeds executed for the real estate in Huntington County fraudulent and void against appellee, and ordering the real estate sold as lands are sold on execution. The judgment is still in force, and it was found in the instant case that the real estate affected was worth $2,800 on July 19, 1928; on August 8, 1929, it was worth $1,800, and at the time of the decision of the instant case it was worth $1,500; that the amount due appellee on his judgment at the time of the trial of the instant case was $7,429.55. It was found that the deeds conveying the lands in Huntington County described the real estate in that county only; that the real estate located in the other two counties was conveyed in like manner, and that all of the deeds were executed and delivered at the same time and place in one and the same transaction. There was judgment for appellee, subjecting the lands in Wells and Blackford Counties to the payment of his judgment.

The question presented by this appeal is clearly indicated by the following statement in appellants' brief:

"Appellants agree that the judgment in the Huntington County suit is a former adjudication of the matters in issue in this suit.

"The difference between appellee and appellants is as the effect of said adjudication.

"Appellants' view of the effect of said adjudication is twofold, viz—(1) that, since appellee attempted to split

his "cause of action' in the Huntington County suit and sued for only a part of the relief demandable therein, the judgment in that suit operates as a bar to the prosecution of this suit to obtain the residue or other parts of such relief; and (2) since the appellee failed in the Huntington County suit to plead, put in issue and litigate the validity of all of the deeds in controversy; and since all of said matters were not, but 'might have been' pleaded, put in issue and litigated therein, the judgment in that suit is equally as conclusive against the appellee as though all of said matters in controversy had been pleaded, put in issue and litigated in said suit; for either of which reasons the judgment in said Huntington county suit is a bar to the prosecution of this suit."

Appellants contend that, although the action is in form of equitable cognizance, it arises out of tort; that the "cause of action" was the alleged fraudulent execution and delivery of the deeds; that "it was the fraud, the tort, the wrong complained of, but for which there would have been no 'cause of action' to plead and litigate"; that the policy of the law forbids the bringing of two actions for injury arising out of the same transaction; and that appellee was required to seek all of the relief to which he was entitled in one action.

Appellants rely on the case of *Minor* v. *Sumner et al.* (1923), 80 Ind. App. 269, 271, 272, 140 N. E. 580, 581, in which it is held that a single action may be maintained to set aside alleged fraudulent conveyances of separate tracts of land located in different counties, executed at different times, to different grantees, where it is alleged that they were made by the same grantor in pursuance of a design, and in an effort, to defraud his creditors. It is said in the opinion that: "This is permissible on the theory that the subject-matter of the action is not merely the land in the county where the action is instituted, but the alleged fraud in conveying

the land in the several counties, which the creditor seeks to have subjected to the payment of his debt, by removing the impediment." But the case goes no further than to hold that a single action *may* be maintained, while appellants' contention here is that all relief *must* be had in a single action.

There has been much difficulty in determining what is a cause of action and in applying the rule *res judicata.* (See 6 Indiana Law Journal, 203.) But there is a clear distinction between the procedure by which the right to have a judgment is determined, and the procedure by which the judgment is afterwards enforced. The determination of whether a party is entitled to judgment involves primary rights, and the substantive law, and is for judicial determination. The enforcement of the judgment involves the adjective law and executive action.

By his action on the note, appellee submitted his primary, his substantive right for judicial determination, and procured a judgment. The right to have his judgment executed by the executive department of the government upon the property of the judgment defendants was not dependent upon any further judicial action. He was entitled to successive executions against the property of his judgment debtors, in different counties, until his judgment was fully paid, after which he was entitled to no further executions. It is only where the legal machinery fails and is unable to enforce the judgment that the courts will intervene, and then, regardless of the form the action may take, the relief granted is in aid of and ancillary to the judgment creditor's right to have his original judgment executed upon the property of his debtor. The long established statutory policy is to permit the issuance and levy of successive executions in different counties, and, since the action in equity, or by proceedings supplemental to execution, is to make available the right to satisfaction

by execution, no reason is seen why equity should not follow the law and grant the successive executions that the statute grants. There is no splitting of a cause of action; there is a mere granting of what the law contemplates. While the actions in the case at bar and in the Huntington Circuit Court are of the type generally denominated actions to set aside fraudulent conveyances, that is not their purpose, nor do they result in setting aside the conveyances. The conveyances continue valid as between the grantor and grantee, and the only effect of the judgment is to subject the property to execution as though it were still in the name of the grantor. Such actions are in the nature of a judgment creditor's bill. *Town et al.* v. *Smith et al.* (1888), 115 Ind. 480, 16 N. E. 811; *Wild* v. *Noblesville Building, etc., Association et al.* (1899), 153 Ind. 5, 6, 53 N. E. 944, 945. They have for their sole purpose the removal of obstacles which prevent the enforcement of the judgment by the executive officers of the state through the levy of execution. "A judgment creditor's bill is in essence an equitable execution comparable to proceedings supplementary to execution." *Pierce et al.* v. *United States* (1921), 255 U. S. 398, 401, 402, 41 S. Ct. R. 365, 65 L. Ed. 697, 702. While the action may involve a conveyance said to be fraudulent, the recovery is not for the wrong or tort. It is not in damages. The same relief may be had where property of the judgment debtor is held by a trustee in his own name, and when there has been no conveyance. The right to have the property subjected to execution does not depend upon the fraud. The relief will be granted in any case where property of the judgment debtor is held in the name of another.

The conveyances were good as between the parties, "and the grantee was entitled to hold undisturbed until the creditor had discharged the burden of proving the necessity for equitable interference." *Wild* v. *Nobles-*

*ville Building, etc., Association et al., supra.* Appellee was not entitled to have all of the real estate subjected to execution, as a matter of right, but only sufficient of it to discharge his judgment, and he was burdened with the obligation of proving the necessity of subjecting the property to the payment of his judgment. If the property in Huntington County had been sufficient to satisfy the judgment, there would have been no necessity to pursue the property in Wells and Blackford Counties, and he could not have maintained that action. In *Baker* v. *State ex rel. Mills* (1887), 109 Ind. 47, 54, 9 N. E. 711, 714, it was held that where a second proceeding supplemental to execution was against the same parties as the first, and described the identical property described in the first proceeding, the judgment in the first proceeding is conclusive. But it is said: "We by no means intend to hold that proceedings supplemental to execution may not be repeated. One such proceeding may fail because the defendant may, at that time, have no property of any kind which he is withholding, and a subsequent proceeding may be instituted and maintained for the recovery of money and property which have been acquired since the commencement of the first proceeding, or, perhaps, which were not involved in the first investigation." Both the statutory proceeding supplemental to execution and equitable proceedings such as are here under consideration operate *in rem.* The judgment creditor may not pursue the same property in repeated proceedings, but he may have different property made subject to his judgment by successive proceedings.

Judgment affirmed.