**Charles S. GIFFIN, Appellant–Plaintiff,**

v.

**George C. EDWARDS, Mark C. Edwards, and Diane L. Jensen, Appellees–Defendants.**

No. 02A03–9806–CV–261.

Court of Appeals of Indiana.

May 13, 1999.

M. Scott Hall, Mark S. Kittaka, Barnes & Thornburg, Fort Wayne, Indiana, Attorneys for Appellant.

Grant F. Shipley, Shipley & Associates, Fort Wayne, Indiana, Attorney for Mark C. Edwards.

Diane L. Jensen, Pavese, Garner, Haverfield, Dalton, Harrison & Jensen, L.L.P., Fort Myers, Florida, Attorney for Diane L. Jensen.

## OPINION ON REHEARING

BAKER, Judge

Appellees-defendants George C. Edwards and Mark C. Edwards (collectively, "the Edwards") request rehearing on our decision in *Giffin v. Edwards*, 708 N.E.2d 876 (Ind.Ct. App.1999).[1] We grant rehearing for the limited purpose of responding to the Edwards' contention that we failed to address their arguments that the bankruptcy court's final judgment is res judicata and that this court lacks jurisdiction to question a judgment of the bankruptcy court. Appellees' brief at 1–2.

 We note initially that the bankruptcy court explicitly stated in its final order that Giffin could pursue any state law lien rights he had. Record at S199. At the time that Giffin brought his fraudulent conveyance action, state lien law provided that a final judgment for money created a judgment lien on debtor's property located in the same county where the judgment had been duly entered and indexed in the county's judgment docket. IND.CODE § 34–1–45–2. Included in the property liable to judgment and execution were "[l]ands fraudulently conveyed with the intent to delay or defraud creditors." I.C. § 34–1–45–1. Moreover, our supreme court recognizes an action for fraudulent conveyance as the means to "sub-

---

1. Diane Jensen, appellee-defendant in the original appeal is not a party to the request for rehearing.

ject the property to execution as though it were still in the name of the grantor." *Beavans v. Groff*, 211 Ind. 85, 5 N.E.2d 514, 516 (1937). In *Beavans*, the plaintiff obtained a money judgment against several defendants only to discover that the defendants had transferred their property to their spouses. The Indiana Supreme Court found that the fraudulent conveyance actions were not separate from the plaintiff's judgment, but rather extensions of the plaintiff's judgment: "There is no splitting of a cause of action; there is a mere granting of what the law contemplates." *Id.* Although termed an action in "fraudulent conveyance," an action brought under such circumstances is "in the nature of a judgment creditor's bill," which itself constitutes "in essence an equitable execution comparable to proceedings supplementary to execution." *Id.* We conclude that, consistent with both long-standing case law and the bankruptcy court's final order, Giffin had a valid, secured lien and was entitled to pursue his action. For all of the above reasons, we find that the bankruptcy court's decision is not res judicata as to the issues addressed in our decision but properly leaves those issues of state law to our discretion.

■ The Edwards also assert that this court lacks jurisdiction to question a judgment of the bankruptcy court determining ownership of a lawsuit. We note first that the sole case which the Edwards cites in support is *Hammes v. Brumley*, 659 N.E.2d 1021, 1028 (Ind.1995). However, *Hammes* does not concern jurisdiction of a state court to question the judgment of the bankruptcy court but rather a bankruptcy court's attempt to rule on state law. In this case, all parties and the bankruptcy court agreed that it is state law which determines the quality of lien rights and the procedure for obtaining and foreclosing on secured lien rights. Had the Bankruptcy Court ruled that state law lien rights could not be pursued in the manner which Giffin elected, that court would have acted outside its jurisdiction. This court has jurisdiction to decide whether Giffin had a valid lien right and whether he was a secured creditor under Indiana law.[2] In deciding these issues, we need not question the judgment of the bankruptcy court because it does not extend to deciding state law questions.

Rehearing granted in part, but the decision of the trial court is reversed and cause is remanded for trial.

GARRARD, J., and ROBB, J., concur.

2. The Edwards note that Giffin did not appeal the bankruptcy court's final order. Appellee's brief at 17. The Edwards also point out that Giffin did not object to the amount of the settlement to Mark Edwards in bankruptcy court. Appellee's brief in support of petition for rehearing at 5. We conclude that it is entirely consistent with our ruling that Giffin did neither. Giffin properly referred questions of lien law to the courts of Indiana.