**In re George C. EDWARDS, Debtor.**

**Mark C. Edwards, Plaintiff,**

**v.**

**Charles S. Giffin, Defendant.**

**Bankruptcy No. 89–2476–9P7.**
**Adversary No. 99–378.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 23, 2000.

Jeffrey Leasure, Ft. Myers, FL, for Plaintiff.

M. Scott Hall, Ft. Wayne, IN, W. Glenn Jensen, Orlando, FL, Michael J. Palermo, Tampa, FL, for Defendant.

**ORDER ON MOTION TO ALTER OR AMEND ORDER ON DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO ABSTAIN, MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION FOR SUMMARY JUDGMENT DATED OCTOBER 21, 1999**

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTER under consideration in this adversary proceeding is Plaintiff,

Mark C. Edwards' (Mark) Motion to Alter or Amend Order on Defendant's Motion to Dismiss or in the Alternative to Abstain, Motion for Judgment on the Pleadings and Motion for Summary Judgment Dated October 21, 1999. In the Order of Dismissal, this Court determined that it lacked jurisdiction to grant the injunctive relief sought by Mark, granted summary judgment in favor of Giffin and dismissed the Complaint. Mark now seeks to alter or amend the Order of Dismissal, pursuant to Fed. R.Bankr.Pro. 9023. The Court reviewed the Motion, the relevant part of the record, heard argument of counsel and now finds and concludes as follows:

In the 1970's, George C. Edwards (Debtor) owned certain real property in Steuben County, Indiana (Real Property). In 1973 and 1979, the Debtor transferred the Real Property to his son Mark.

Years later, Charles F. Giffin (Giffin) sued the Debtor. Giffin obtained a judgment (Judgment) against the Debtor in the Steuben County Circuit Court, Steuben County, Indiana on October 6, 1987. Giffin recorded the Judgment in Steuben County.

Subsequently, Giffin instituted an action to satisfy the judgment lien under Indiana law (the "Indiana State Court Action"), asserting that the Debtor's transfer of the Real Property to Mark was fraudulent and that under Indiana law Giffin acquired a lien on the Real Property that he was entitled to enforce.

On April 13, 1989, the Debtor filed his Chapter 7 case. Diane Jensen (Trustee) was appointed as the Chapter 7 Trustee. After the Chapter 7 case was closed as a no-asset case, the Debtor filed a Motion seeking to reopen the case. The Motion was granted on June 24, 1999, and the case was reopened for further administration.

On May 8, 1996, the Trustee filed a Motion for Authority to Sell Property of the Estate Free and Clear of Liens, seeking to sell the Real Property even though the Real Property had been transferred by the Debtor to Mark in the 1970's. Based on the record it appears that the Trustee actually had nothing to sell since the subject property was not property of the estate. Nonetheless, the Trustee's Motion was considered in due course, and treated as a motion to approve a compromise between the Trustee and Mark of the Trustee's claim to avoid a fraudulent transfer. On October 30, 1996, this Court entered an Order approving the compromise. The terms of the compromise were fulfilled as Mark paid the $10,000 to the estate and the Trustee executed the appropriate releases relinquishing her purported fraudulent transfer claims against Mark.

On May 13, 1991, Giffin filed a Motion for Relief from Automatic Stay in order to pursue his fraudulent transfer action against Mark. The Motion was denied on the grounds that Giffin lacked standing to pursue a fraudulent transfer claim because the claim was property of the estate and had to be asserted by the Trustee. The Court also found that as property of the estate, the claim was the Trustee's to assert.

In the Indiana State Court Action, the Allen Superior Court (Trial Court) substituted the Trustee for Giffin as plaintiff and then dismissed the case. Giffin appealed the Trial Court's decision to the Court of Appeals of Indiana (Appellate Court) which reversed the Trial Court's decision, reinstated Giffin's suit and remanded it to the Trial Court. Following the decision by the Appellate Court, Mark filed a Petition for Rehearing which was granted for the limited purpose of responding to Edwards' contention that the bankruptcy court's Order Approving Compromise is res judicata and that the Appellate Court lacked jurisdiction to question the judgment of the Bankruptcy Court. The Appellate Court found that the Bankruptcy Court's decision was not res judicata and that the decision left issues of state law properly within the jurisdiction of the Indiana courts to decide. In addition, the Appellate Court held that it had jurisdiction to decide whether Giffin

had a valid lien on the Real Property, and whether he was a secured creditor under Indiana law. The Appellate Court concluded that under Indiana law, Giffin had a valid lien on the Real Property.

Mark commenced the above-captioned adversary proceeding on June 24, 1999. In his one-count Complaint, Mark requests that this Court grant injunctive relief enjoining Giffin from pursuing the Indiana State Court Action against him and to transfer Giffin's suit to this Court. During the pendency of this adversary proceeding, on September 20, 1999, the Indiana Supreme Court denied Mark's February 25, 1999 Petition to Transfer. The Court of Appeals also held that Giffin was entitled to pursue an action to enforce his lien against the Real Property. *See Giffin v. Edwards,* 708 N.E.2d 876, 879 *reh'g granted in part,* 711 N.E.2d 35 (Ind.Ct.App. 1999). The effect of the Appellate Court's February 25, 1999 decision is final and binding upon Mark. Ind.App.R. 11(B)(3).

Reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. *See Sussman v. Salem, Saxon & Nielsen, P.A.,* 153 F.R.D. 689 (M.D.Fla.1994); *NL Industries, Inc. v. Commercial Union Ins. Co.,* 935 F.Supp. 513, 516 (D.N.J.1996). The four basic grounds upon which a Rule 59(e) motion may be granted are (1) to correct manifest errors of law or fact upon which the judgment is based; (2) to allow the movant to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) where there is an intervening change in controlling law. *Sussman, supra.*

In the instant case, Mark seeks an amendment to the Order of Dismissal based on alleged factual errors. He contends that this Court erred by concluding that the Real Property was transferred on October 6, 1987 when the transfers occurred in 1973 and 1979. Also, he contends that it was a factual error to find that Giffin had pursued an action to foreclose his judgment lien when it was actually a fraudulent conveyance action. Finally, Mark contends that a refusal to correct these errors would jeopardize the court-approved compromise between himself and the Trustee because Order of Dismissal makes the compromise "illusory".

The Order of Dismissal was based on the conclusion that the outcome of the Indiana litigation could not possibly have any effect on the administration of the Debtor's estate. This is so because the property involved in the Indiana litigation was not and is not property of the estate, and the Trustee's fraudulent transfer claim was settled with Court approval and it is no longer property of the estate.

The facts resulting in the ultimate conclusion that this Court lacks jurisdiction and the decision to dismiss this adversary proceeding is that the adversary proceeding presents a dispute between non-debtors, Mark and Giffin. The Trustee's fraudulent transfer claim against Mark, no matter how valid a claim, was compromised with court approval. The Real Property involved in the Indiana State Court Action is not property of the estate.

The fact findings that Mark contends are erroneous are of no consequence and would not be a basis to find jurisdiction to entertain this adversary proceeding to grant the relief sought. Since an amendment to the Order of Dismissal will serve no useful purpose, the Motion should be denied. *See Blair v. Delta Air Lines, Inc.,* 344 F.Supp. 367 (S.D.Fla.1972), affirmed 477 F.2d 564 (5th Cir.1973).

In view of the foregoing, this Court is satisfied that the Motion should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED, that the Motion to Alter or Amend Order on Defendant's Motion to Dismiss, or in the Alternative, to Abstain, Motion for Judgment on the Pleadings and

Motion for Summary Judgment is hereby denied.